DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Wanda Sabo has appealed from a decision of the Lorain County Court of Common Pleas, Domestic Relations Division, that granted her former husband Plaintiff-Appellee Norman Sabo a credit on his spousal support obligation. This Court affirms.
 I {¶ 2} Plaintiff-Appellee Norman Sabo ("Husband") and Defendant-Appellant Wanda Sabo ("Wife") were married on October 16, 1971. On October 18, 2000, Husband filed for divorce from Wife.[1] Per a temporary support order dated February 22, 2001, Husband was to pay Wife $650 per week in the weeks he worked 48 hours or more and $600 per week in the weeks he worked less than 48 hours; said payments were to be made directly to Wife "in accordance with the continuing practice of the parties." The order commenced February 23, 2001.
 {¶ 3} On February 28, 2002, the trial court issued a Judgment Entry that granted Husband a divorce from Wife and terminated the marriage. The trial court ordered that Husband pay Wife $2,000 plus processing fee per month as spousal support and that said payment be made through the Lorain County Child Support Enforcement Agency ("CSEA"). The judgment entry also stated that any payment not made through CSEA would not be counted as spousal support and would be considered a gift.
 {¶ 4} On March 28, 2002, Wife appealed the trial court's judgment entry granting Husband a divorce. This Court dismissed said appeal for lack of a final, appealable order.
 {¶ 5} On August 22, 2002, Husband filed a motion for credit of spousal support in the amount of $1,650. Husband argued that he should be given credit for the direct payments he made to Wife prior to becoming aware of the trial court's order requiring that the payments be made to CSEA. Husband argued that he was not aware of the trial court's February 28, 2002 judgment entry until the end of March, after he had already made four payments into the bank account established by Husband and Wife specifically for spousal support payments; Husband also stated that Wife continued to withdraw the funds from that account after the divorce decree was filed. On January 24, 2003, Wife responded in opposition to Husband's motion.
 {¶ 6} On March 14, 2003, Wife filed a second notice of appeal of the trial court's February 28, 2002 order. This Court affirmed the trial court's judgment entry on December 10, 2003.
 {¶ 7} On March 19, 2004, signed stipulations were filed by Husband and Wife concerning the spousal support payments Husband made to the bank account rather than CSEA. The stipulations included the following: 1) between February 28, 2002 and March 22, 2002 Husband had paid and Wife had withdrawn $1,650 from the bank account established for spousal support payments; 2) Husband did not learn of the judgment entry requiring payments be submitted to CSEA until on or after March 22, 2003; and 3) Husband "had been paying his temporary support award through the same account, and continued to make what he believed to be his temporary support obligation through said Account until notified the permanent award had been made."
 {¶ 8} On May 18, 2004, the magistrate ruled on Husband's motion to credit his spousal support account and ordered that Husband be credited $1,650 toward his spousal support obligation. The magistrate also ordered CSEA to adjust its records accordingly.
 {¶ 9} After receiving an extension to file objections to the magistrate's May 18, 2004 decision, Wife filed objections to the decision arguing that the magistrate incorrectly interpreted R.C. 3121.45.
 {¶ 10} On January 11, 2005, the trial court adopted the magistrate's May 18, 2004 decision and overruled Wife's objections. The trial court found that Husband's spousal support payments made between February 28, 2002 and March 22, 2002 were made in accordance with the temporary support order, not the divorce decree, and therefore R.C. 3121.45 was not applicable. The trial court affirmed the magistrate's conclusion that Husband should receive credit for said payments.
 {¶ 11} Wife has timely appealed the trial court's decision, asserting two assignments of error, which have been consolidated for ease of analysis.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION IN CREDITING [HUSBAND] WITH SPOUSAL SUPPORT PAYMENTS MADE DIRECTLY TO [WIFE'S] BANK ACCOUNT CONTRARY TO [R.C. 3121.45]."
 Assignment of Error Number Two
"THE TRIAL COURT ERRED IN ITS JOURNAL ENTRY OF JANUARY 11, 2005 GRANTING [HUSBAND'S] MOTION FOR SPOUSAL SUPPORT CREDIT, CONTRARY TO ITS OWN DECREE OF DIVORCE ENTERED FEBRUARY 28, 2002[.]"
 {¶ 12} In her first and second assignments of error, Wife has argued that the trial court erred in giving Husband credit on his spousal support obligation. Specifically, Wife has argued that the payments made directly to the bank account were contrary to R.C. 3121.45 and therefore, they should not be considered spousal support payments. Wife has also argued that the trial court's decision contradicts the divorce decree. We disagree.
 {¶ 13} A trial court is vested with broad discretion over spousal support matters, and an appellate court will not disturb a trial court's decision regarding spousal support obligations absent an abuse of that discretion. See Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390, citingBooth v. Booth (1989), 44 Ohio St.3d 142, 144. Decisions regarding credits on support obligations also rest within the sound discretion of the trial court. Mihna v. Mihna (1989), 48 Ohio App.3d 303, 305, citing Krause v. Krause (1987), 35 Ohio App.3d 18 (allowing a set-off on a support obligation.). An abuse of discretion connotes more than a mere error in judgment; it signifies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161,169.
 {¶ 14} The trial court found that Husband was entitled to a credit on his spousal support obligation in the amount of $1,650 because he paid that amount in accordance with the temporary support order after the divorce decree was filed. The temporary support order required Husband to make the spousal support payments to a bank account established for the sole purpose of spousal support payments; Husband would deposit the payment and Wife would withdraw the same. The trial court accepted Husband and Wife's stipulations that between February 28, 2002 and March 22, 2002 Husband had been paying what he believed to be his temporary support payments through the established account and that he did not learn of the final divorce decree until approximately March 22, 2002. The trial court found that because said payments were made under the temporary order, R.C. 3121.45 did not apply and Husband should receive credit for said payments.
 {¶ 15} After thorough review of the record, this Court cannot find that the trial court abused its discretion in granting Husband a credit on his spousal support obligation. It is undisputed that Husband made $1,650 in payments he believed were spousal support to an account that was established for spousal support payments. Moreover, Wife continued to withdraw the payments as she had all previous support payments. All parties admitted that Husband did not learn of the final divorce decree requiring payment to CSEA until after he had made said payments. Accordingly, it was not unreasonable, arbitrary, or unconscionable for the trial court to find that Husband's payments were in accordance with the temporary order rather than the final divorce decree. Therefore, he was entitled to a credit on his spousal support obligation for the amount he paid in accordance with the temporary support order after the divorce decree was entered but before he learned of the change in payment requirement.
 {¶ 16} This Court is not persuaded by Wife's assertion that the trial court's credit to Husband for his payments made after the divorce decree was entered was an abuse of discretion because said credit contradicted the divorce decree. In granting the credit, the trial court acknowledged that the payments were made after the divorce decree that required payments be made to CSEA, however, the trial court found that said payments were not made in accordance to the divorce decree because Husband was not aware of the divorce decree. The trial court found that Husband was making his payments pursuant to the only order he knew existed at the time, the temporary support order. As previously discussed, the parties stipulated that Husband did not know that his payment submission requirement changed. We cannot find that the trial court contradicted itself in finding that Husband was abiding by the only order he knew of and granting him a credit for his payments under that order.
 {¶ 17} Based on the foregoing, we cannot find that the trial court abused its discretion. Wife's first and second assignments of error lack merit.
 III {¶ 18} Wife's first and second assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Baird, J., Concur.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] No minor children remained as issue to the marriage.