QUINT, Appellant,

v.

LOMAKOSKI, Appellee.

[Cite as *Quint v. Lomakoski,* 167 Ohio App.3d 124, 2006-Ohio-3041.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 2005 CA 111.

Decided June 16, 2006.

Victor A. Hodge, for appellant.

Mark J. Donatelli, for appellee.

---

DONOVAN, Judge.

{¶ 1} This matter is before the court on the notice of appeal of Deborah Pelligrini, filed September 30, 2005. Pelligrini appeals the September 14, 2005 trial court decision, issued following remand, modifying the visitation of David Lomakoski, Pelligrini's ex-husband, with the parties' minor son. The parties were married in 1995, and they were divorced in 2001 in Michigan. Their divorce decree provided for joint custody of their son. The parties later moved to Greene County, Ohio, where they registered their divorce decree. In September 2003, they executed a "Parenting Plan and Parenting Time Schedule," in which they agreed that Pelligrini would be the residential and custodial parent of their son, and that Lomakoski would have parenting time that included overnight visitation on Tuesdays, dinner on Wednesdays, and every other Friday through Monday morning.

{¶ 2} In June of 2004, Pelligrini filed a notice of intent to relocate to North Carolina, along with a motion to modify visitation. At the time, Pelligrini was engaged to Nick Pelligrini, who had accepted a job offer in Raleigh, North Carolina, as a computer-systems-integration analyst. Pelligrini, an anesthesiologist, also found employment in Raleigh. Pelligrini and her fiancé were married in November 2004.

{¶ 3} Lomakoski opposed the motion to modify his visitation. After a hearing on December 6, 2004, and January 28, 2005, the trial court overruled Pelligrini's motion on March 23, 2005. The trial court's decision was based in part upon the report of Tyrone Payne, a psychologist who evaluated the child, and was also based in part upon the report of the child's guardian ad litem. The child suffers from Tourette's syndrome. After noting the child's "possibly deficient skills in adaptability," Dr. Payne concluded that "moving to North Carolina is not in [the child's] bests interests. Specifically, moving away from his father would be the major negative factor affecting his adjustment." The guardian ad litem recommended that Lomakoski's parenting time not be modified. He acknowledged that there may be significant benefits in relocating to North Carolina, benefits which "*could* override the Guardian's belief that [the child's] best interests require no change in his parenting time with [Lomakoski], if, but only if, [Lomakoski] were to receive significant blocks of parenting time with [the child], including [the child's] entire summer vacation, every spring break, two weeks during the Christmas season, and all holiday weekends which are extended by virtue of a

Friday or Monday holiday, every Thanksgiving, etc. Still further, [Pelligrini] would need to pay [the child's] transportation costs, as the relocating party." The guardian noted that he was simply appointed to determine whether a modification of Lomakoski's parenting time was in the child's best interest, and that his recommendation against modification "will require other litigation, perhaps with respect to custody." The trial court concluded that the child and his father "have made a life in the Greene County area and should not have it disrupted."

{¶ 4} Pelligrini appealed the trial court's decision. We concluded that the trial court abused its discretion: "[T]he trial court improperly determined that the child should not be relocated, when it should have limited its inquiry to whether visitation should be effectuated in a different manner." We reversed the trial court's decision, and we remanded the matter for further proceedings.

{¶ 5} The trial court then modified Lomakoski's visitation, without further hearing, consistent with the guardian ad litem's recommendation. Specifically, the trial court awarded Lomakoski parenting time "at least one three or four day weekend per month" coinciding with the national holidays; December parenting time consistent with the standard order of parenting time; parenting time during the child's spring breaks each year; parenting time during the second weekend in March; summer parenting time beginning on the day after the last day of school until the Sunday which falls not less than one week before school resumes in the fall; and parenting time for up to a full weekend any time he can travel to the area where the child resides. With the exception of Lomakoski's travel to North Carolina, "all travel arrangements and costs will be the responsibility of the Mother. She is in a superior financial position and the modification of the parenting time schedule is due to her voluntary actions."

{¶ 6} The procedural history of this matter is not limited to Pelligrini's first and instant appeals. Lomakoski filed a motion for contempt on March 9, 2005, based on Pelligrini's failure to notify the court of her relocation and her failure to provide Lomakoski with parenting time. On April 4, 2005, Lomakoski filed a motion to reallocate parental rights and a request for reappointment of a guardian ad litem. On April 26, Lomakoski filed a motion for contempt and a motion for emergency judicial review of his motion, and Pelligrini filed a response on May 5, 2005. On August 23, 2005, Lomakoski filed a motion for contempt and a motion for interim parenting orders, based upon Pelligrini's failure to comply with the trial court's decision of March 23, 2005. On August 25, 2005, the trial court entered a decision and order granting interim ex parte custody to movant, in which the court ordered Pelligrini to "return the child to the State of Ohio and into the care of the Movant J. David Lomakoski on or before 6:00 o'clock p.m. on the 1st day of September." The court also reappointed the guardian ad litem.

On August 26, 2005, Pelligrini filed a motion to dismiss Lomakoski's motion for contempt and motion for interim parenting orders "for the reason that Mr. Lomakoski has a case pending in the United States Bankruptcy Court and the automatic stay is in effect." The trial court issued an order providing that all pending motions before it would be decided on December 8, 2005. The resolution of these additional matters is not currently before us.

{¶ 7} Pelligrini asserts four assignments of error, and we note that Lomakoski responds to only two of them in his brief. Pelligrini's assignments of error will be addressed together, and they are as follows:

{¶ 8} "The trial court did not comply with R.C. 3109.051 in issuing the modified visitation order of September 14, 2005."

{¶ 9} "The trial court's visitation order is contrary to the child's best interest."

{¶ 10} "The trial court erred in issuing the modified visitation order without further evidentiary proceeding."

{¶ 11} "The trial court erred in assessing to appellant all travel arrangements and costs as a penalty for remarrying and relocating to another state to live with her spouse."

{¶ 12} " '[W]hen a parent seeks to modify a previous visitation arrangement, it is that party who bears the burden of proof as to whether the prior arrangement was not in the best interests of the [child].' *Bodine v. Bodine* (1988), 38 Ohio App.3d 173, 175 [528 N.E.2d 973]. We will not reverse a trial court's decision on a motion for modification of visitation rights absent an abuse of discretion. *Archer v. Archer* (Sept. 24, 1997), Pickaway App. No. 96CA37 [1997 WL 600233]. An abuse of discretion 'connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219 [5 OBR 481, 450 N.E.2d 1140]. When applying the abuse of discretion standard of review, we must not substitute our judgment for the trial court. *In re Jane Doe I* (1991), 57 Ohio St.3d 135, 138 [566 N.E.2d 1181]. We must presume the findings of the trial court are correct because the trial judge is best able to observe the witnesses and use those observations in weighing the credibility of the testimony. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 81 [10 OBR 408, 461 N.E.2d 1273]." *Knapp v. Knapp,* Lawrence App. No. 05CA2, 2005-Ohio-7105, 2005 WL 3642718, at ¶ 18. "A reviewing court will presume that the trial court considered relevant statutory factors in the absence of evidence to the contrary." *Minoughan v. Minoughan,* Montgomery App. No. 18089, 2000 WL 799737. "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. A decision is unreasonable if there is no sound reasoning

process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597.

{¶ 13} R.C. 3109.051 lists several factors that a trial court must consider when determining parenting time matters, including the prior interaction and interrelationships of the child and his parents; the location of each parent's residence; the child and parents' available time; the child's age; the child's adjustment to home, school and community; the child's wishes; the health and safety of the child; the mental and physical health of all parties; each parent's willingness to facilitate the other parent's rights to parenting time; whether either parent has continuously and willfully denied the other parent's parenting time rights; whether either parent has established or plans to establish an out-of-state residence; and any other factor in the best interest of the child. The trial court must apply the factors and determine the parenting time plan that is in the child's best interest. *Braatz v. Braatz* (1999), 85 Ohio St.3d 40, 706 N.E.2d 1218.

{¶ 14} At the hearing, the trial court heard testimony from Mr. and Mrs. Pelligrini, Barbara Dykhuizen, the child's maternal grandmother, and Rhonda Bush, the child's preschool teacher during the period of time from August 2003 until June 2004. The court interviewed the child and made a finding for the record that he "does not possess the sufficient reasoning ability of a child because maybe of his age. * * * But his—his ability to interact was pretty much a parroting I call it, just being able to politely answer yes and no and repeat things. * * * [w]hatever was gained from him would not be of any probative value * * *."

{¶ 15} It is evident from the trial court's decision of September 14, 2005, that it considered the psychological evaluation performed by Dr. Payne and the report of the guardian ad litem, both of which concluded that the parties' child "would suffer if the current amount of parenting time is disrupted." The court considered Pelligrini's relocation and the distance Lomakoski must travel to visit the child in Raleigh. The court reviewed the available time of the parents and the fact that the child, at the age of six, is attending school. The court noted that the child is safe but suffers from Tourette's syndrome. The court also noted the good health of both parties. The court concluded that "modification of the parenting time is necessary to insure that [the child] spends adequate and substantive time with his father."

{¶ 16} Clearly a modification is necessary to insure that the child has adequate time with Lomakoski, but the schedule as modified is onerous and

unreasonable for Pelligrini and, more importantly, for the child. We agree with Pelligrini that the trial court should have conducted a full evidentiary hearing before issuing its judgment entry. We remanded the matter "for further proceedings." The hearing upon which the trial court's initial decision was based occurred on December 6, 2004, and January 28, 2005. In its September 14, 2005 judgment entry, the court noted that it found "no need for further hearing as the evidence and testimony was fully presented at the original hearings in this matter." While the trial court noted that the "child was adjusted to his school and community while living in Beavercreek, Ohio * * * [there was] no evidence before the Court regarding his current adjustment to his new school and community," a factor that R.C. 3109.051 requires the trial court to consider. Dr. Payne noted the child's "possibly deficient skills in adaptability," making an assessment of his adjustment to his new school and new community an especially critical factor in the analysis of the proper modification of Lomakoski's parenting time.

{¶ 17} Facts regarding the child's available time were also absent from the record. Pelligrini testified that the child's neurologist recommended year-round school for the child, and she indicated that she would follow his advice. She also testified that she planned to seek "the newest treatments" for the child at the Tourette's clinic at Duke Medical Center, as well as participate with him in a Tourette's support group. The trial court lacked the facts necessary to consider whether the child, due to his school and medical treatment schedules, could accommodate the visitation schedule as modified. Because Lomakoski did not testify at the hearing, his current circumstances, financial resources, and available time are also not included in the record. We agree with Pelligrini that the trial court issued the modified visitation schedule without proper application of the factors in R.C. 3109.051(D); many of the facts required to make a proper analysis are absent from this record. In other words, "there is no sound reasoning process that would support [the trial court's] decision." Pelligrini's four assignments of error are sustained; there being an abuse of discretion, the decision of the trial court is reversed, and this matter is remanded for a full hearing consistent with this opinion.

Judgment reversed
and cause remanded.

BROGAN and FAIN, JJ., concur.