OPINION
{¶ 1} Gary L. Elmore appeals from the Judgment of the Montgomery County Juvenile Court wherein the court transferred the matter of the custody of Elmore's son N.A.E. to St. Louis County, Missouri.
 {¶ 2} The child was born September 24, 1999, and on January 8, 2001, an Agreed Order was filed naming Elmore as N.A.E.'s father. At that time, the mother, Rebecca Morse-Toth, was living in Missouri. The Agreed Order provided that Rebecca would have custody of the child and Elmore would have visitation privileges. On January 23, 2002, the court extended Elmore's parenting time to include seven consecutive days a month in Montgomery County, Ohio.
 {¶ 3} On June 23, 2005, Elmore filed a Motion in Montgomery County to modify parenting time because N.A.E. was starting kindergarten that Fall. The mother subsequently filed a Motion to Transfer Venue to Missouri on August 26, 2005. Elmore did not receive the Motion to Transfer Venue and consequently the Magistrate issued a Decision granting the Motion to Transfer Venue. Elmore filed an objection to this and the Magistrate gave him ten days to file a Memorandum in Opposition to the mother's Motion to Transfer Venue. After receiving Elmore's Memorandum, the Magistrate issued a new Decision and Judge's Order reaffirming the order to transfer the case to Missouri.
 {¶ 4} On February 16, 2006, the Father timely filed Objections to the Magistrate's Decision. On April 20, 2006, the Juvenile Court Judge issued a Decision and Judgment overruling Elmore's Objections and affirming the order to Transfer Venue. Elmore appeals from this ruling.
 {¶ 5} Elmore advances three assignments of error on appeal. First, he contends the trial court abused its discretion in determining that the Montgomery County Court of Common Pleas, Juvenile Division is an inconvenient forum under Section 3127.21
of the Ohio Revised Code and that many of the statutory factors weigh in his favor. Second, he asserts the trial court abused its discretion in staying the case in Montgomery County Common Pleas Court, Juvenile Division, pending Missouri's resolution of the issues. Third, he asserts the trial court abused its discretion in failing to hold an evidentiary hearing on the Motion to Transfer Venue.
 {¶ 6} This Court uses an abuse of discretion standard when reviewing decisions made under Ohio's Uniform Child Custody Jurisdiction Act (UCCJA). The trial court's decision as to whether to exercise jurisdiction pursuant to the UCCJA should only be reversed upon a showing of an abuse of discretion. Bowenv. Britton (1993), 84 Ohio App.3d 473, 478, 616 N.E.2d 1217,1221. An abuse of discretion will be found where the trial court acted arbitrarily, capriciously, or unreasonably. Blakemore v.Blakemore (1983), 5 Ohio St. 3d 217, 219. When applying the abuse of discretion standard of review, this Court must not substitute our judgment for the trial court. Quint v.Lomakoski, Greene App. No. 2005-CA-111, 2006-Ohio-3041 at ¶ 12. Because all of Elmore's assignments of error address Ohio's UCCJA, this Court will review the assignments of error under an abuse of discretion standard.
 {¶ 7} In support of his first assignment of error, Elmore first contends the trial court abused its discretion by failing to address the specific factors set forth in R.C. 3127.21(B). A reviewing court will presume that the trial court considered relevant statutory factors in the absence of evidence to the contrary. Quint at ¶ 12. The trial court's Judgment states, "section 3127.21 requires [the trial] court to consider `all relevant factors' and then lists more specific factors," and, "in this situation the specific factors provide the court with little guidance." The trial court then goes into its reasoning for its decision, including the factors that the child and legal guardian have resided in Missouri for most of the child's life, the child's schooling, teachers, medical, and psychological providers are all in Missouri, and both parents have retained counsel in Missouri. From these statements, this Court concludes that the trial court considered all the relevant factors as required in Section 3127.21(B). The trial court mentions that the specifically listed factors provided little guidance, but still the court mentioned multiple factors in its reasoning, therefore it did not abuse its discretion by not specifically addressing each listed factor.
 {¶ 8} Elmore then contends that the specifically listed factors in Section 3127.21(B) weigh in his favor and that it was an abuse of discretion for the trial court to find against him because of this. This Court will not substitute our judgment for that of the trial court's, we will only determine if it is an abuse of discretion because the trial court determined the factor in an arbitrary, capricious, or unreasonable manner. Quint at ¶ 23.
 {¶ 9} First, Elmore argues that the St. Louis County, Missouri Court has no familiarity with the case and it would take a significant period of time for that court to become acquainted with the facts of this case. R.C. 3127.21(B)(7) states the trial court should look at the ability of the court of each state in determining whether it is inconvenient forum or not. Elmore argues that all he wants is a modification of his parenting time, and that it would take a significant amount of time for the St. Louis Court to get up to speed on the issue. But the record demonstrates that the St. Louis Court has already opened a case to deal with this issue. In this case, the modification of parenting time is a relatively easy issue to solve. The record does not show any special circumstances showing that the St. Louis Court could not effectively address the visitation matter. We find that the trial court could reasonably determine that the St. Louis Court could quickly resolve the modification issue, and consequently there was no abuse of discretion.
 {¶ 10} Second, Elmore contends that the mother's financial circumstances greatly exceed his and the trial court abused its discretion in not looking at this factor. R.C. 3127.21(B)(4) states that the trial court should look at the relative financial circumstances of the parties in determining whether a forum is inconvenient. Elmore argues that it will be financially devastating for him to obtain an attorney in St. Louis, Missouri, and to incur gas and hotel expenses to travel to court. But he also notes that he already travels to Missouri to visit N.A.E., and the trial court found that Elmore has already retained counsel in Missouri. A trial court could reasonably find that a father who already travels to the remote forum and retains counsel in the remote forum can reasonably be expected to continue doing so into the future without evidence of some changes in his financial circumstances. This Court concludes that the trial court could reasonably determine that the financial circumstances do not weigh heavily here, and there was no abuse of discretion.
 {¶ 11} Elmore also asserts that this case is similar toZwissler v. Zwissler (March 13, 1998), Montgomery App. No. 16483. In Zwissler, the child and mother lived in Ohio for ten years prior to moving to Texas. The child continued to visit with the father for four years and the mother and child submitted to Ohio jurisdiction before the mother made a motion to transfer venue, where the trial court ruled in favor of keeping venue in Ohio. Id. This Court finds the Zwissler case unpersuasive here as the child in Zwissler spent her first ten years living in Ohio, was 16 years old at the time the Motion was made, both sets of grandparents lived in Ohio, the grandparents were entitled to one week of visitation with the child in Ohio, and the child had a desire to live with the father in Ohio. Id. In this case, the child spent less than a year living in Ohio, was only kindergarten age at the time the Motion was made, only the paternal grandparents live in Ohio, the grandparents do not have visitation rights, and there is no mention of the child's desire to live with the father. R.C. 3127.21(B) requires the trial court review "all relevant factors" and there are too many dissimilarities between the relevant factors in Zwissler and the case at bar to find Zwissler persuasive.
 {¶ 12} This Court finds that the trial court considered all relevant factors under R.C. 3127.21(B), that the trial court could reasonably find the specifically named factors do not weigh in Elmore's favor, and the Zwissler case is not similar enough to show that there was an abuse of discretion. Elmore's first assignment of error is overruled.
 {¶ 13} Elmore's second assignment of error is that the trial court abused its discretion by staying the case in Montgomery County Court of Common Pleas, Juvenile Division, pending Missouri's Resolution of the issues. The Revised Code Section3127.21(C) states:
 {¶ 14} "(C) If a court of this state determines that it is an inconvenient forum and that a court of another state is a more appropriate forum, it shall stay the proceedings upon condition that a child custody proceeding be promptly commenced in another designated state and may impose any other condition the court considers just and proper." (Emphasis added.)
 {¶ 15} Elmore contends that due to the fact that the trial court "stayed pending Missouri's resolution of the issues," instead of staying until proceedings are commenced in Missouri, it was an abuse of discretion. But the court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties. Civ.R. 61. The error of staying proceedings until resolution has not affected the substantial rights of the parties in this case. It has not stopped Elmore from asserting custody, visitation, or any other rights, and therefore is harmless error under Civ.R. 61. Because the trial judge's error was a harmless error, this Court finds that it was not an abuse of discretion to stay proceedings until resolution in this case and Elmore's second assignment of error is overruled.
 {¶ 16} Elmore's third and final assignment of error is that the trial court abused its discretion in failing to hold an evidentiary hearing on the Motion to Transfer Venue, thereby affording the parties an opportunity to submit evidence to the court pertaining to section 3127.21(B) of the Ohio Revised Code. Section 3127.21(B) does not specifically state that an evidentiary hearing is required, but this Court has previously held that a trial court is required to hold an evidentiary hearing when disputed issues of fact arise affecting a trial court's subject-matter jurisdiction in child custody cases under Ohio's statutory enactment of the UCCJA. Pruitt v. Taber, Clark App. No. 01CA78, 2002-Ohio-1799 at ¶ 10. Elmore has not brought forward any disputed issues of fact that would warrant an evidentiary hearing in this matter. In its decision, the trial court states, "that there seems to be very little dispute as to the basic facts and the only question is where the ongoing litigations should proceed." Because this Court cannot find any disputed issues of fact in the record, including Elmore's appellate brief, an evidentiary hearing was not required. The trial court did not abuse its discretion in not granting an evidentiary hearing since the facts underlying the matter were not in dispute. Elmore's third assignment of error is overruled.
 {¶ 17} The Judgment of the trial court is Affirmed.
Fain, J., and Walters, J., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).