OPINION
{¶ 1} David A. Bockhorn (hereinafter "David") appeals from the Judgment of the Greene County Court of Common Pleas, Domestic Relations Division, granting his motion to modify his child support obligations originating from his divorce to Cindy K. Bockhorn (nka Cindy Frounfelker, hereinafter "Cindy"). David asserts four assignments of error: (1) The trial court abused its discretion when it did not impute additional income to Cindy; (2) The trial court abused its discretion by only deviating 10% from the child support worksheet; (3) The trial court erred when it refused to make the reduced child support order effective on the date David's motion was filed; and (4) The trial court abused its discretion when it refused to use the credit created by the modification to offset the balance David owed Cindy for medical expenses.
 {¶ 2} David and Cindy were divorced in February of 1999. They have three minor children, Bradley (12), Emma (14) and Laura (17), as of the date of the second and last hearing held on June 16, 2005. Both parties have since remarried. At the hearings, David presented evidence of his substantially lower income since the date of the divorce. At the time of the divorce, David made $165,000 per year. When he filed his first Motion on December 6, 2004, to change his support obligations his income was $118,000 per year. Then he filed a second Motion on May 17, 2005, stating his income was $95,000 per year. Cindy works as an operating-room registered nurse and makes approximately $30,000 per year. She works twenty-four hours a week, although she testified that she will occasionally pick up extra shifts or additional time. She testified that full-time employment is not available at her current place of employment. She testified at the hearing that she has worked part-time since the children were born because it permits her time home with them to attend school functions, parties, etc. (T. 21). She admitted she once turned down full-time employment.
 {¶ 3} David has the two youngest children fifty percent (50%) of the time. The oldest child spends all of her time with her mother, Cindy. David testified to in-kind contributions for his children, including a college fund, Bible camp, school and sports fees, clothing expenses, and money for social activities. David testified he has also set aside three thousand dollars so that the middle child can purchase a car when she turns sixteen.
 {¶ 4} In refusing to impute additional income to Cindy, the trial court noted that she is currently working twenty-four (24) hours per week and is caring for three children. The court did note that David has two of the parties' children fifty percent (50%) of the time as of August 31, 2005, and the trial court granted David a ten percent (10%) deviation from the child-support guidelines. Effective the date of the court's last hearing, the court ordered David to pay $4,601.03 for certain uninsured medical expenses within 180 days of the court's entry.
 I {¶ 5} David's first assignment of error is that the trial court abused its discretion when it failed to impute additional income to Cindy. Whether a parent is voluntarily underemployed, and the amount of potential income to be imputed, are matters to be determined by the trial court based upon the facts and circumstances of each case. Rock v. Cabral (1993),67 Ohio St.3d 108, 616 N.E.2d 218, syllabus. The determination will not be disturbed on appeal absent an abuse of discretion. Id. R.C.3119.01(C)(11) provides the criteria for the court to impute income to a parent that it has found voluntarily unemployed or underemployed.
 {¶ 6} "Per R.C. 3119.02, the court must calculate child-support obligations in accordance with the basic child-support schedule and applicable worksheet and other provisions in R.C. 3119.02 through 3119.24. The worksheets require a determination of each party's annual gross income. In addition to [a parent's] actual income from employment and other sources, the court may credit [a parent] with `potential income.' That includes any amount of `[i]mputed income that the court * * * determines the parent would have earned if fully employed as determined from the following criteria:
 {¶ 7} `(i) The parent's prior employment experience;
 {¶ 8} `(ii) The parent's education;
 {¶ 9} `(iii) The parent's physical and mental disabilities, if any;
 {¶ 10} `(iv) The availability of employment in the geographic area in which the parent resides;
 {¶ 11} `(v) The prevailing wage and salary levels in the geographic area in which the parent resides;
 {¶ 12} `(vi) The parent's special skills and training;
 {¶ 13} `(vii) Whether there is evidence that the parent has the ability to earn the imputed income;
 {¶ 14} `(viii) The age and special needs of the child for whom child support is being calculated under this section;
 {¶ 15} `(ix) The parent's increased earning capacity because of experience;
 {¶ 16} `(x) Any other relevant factor.'"
Robinson v. Robinson, Ohio App.3d, 2006 ___ Ohio ___ 4282, ¶ 30-40.
 {¶ 17} David argues that the trial court failed to make the necessary findings that would justify its legal conclusion that Cindy was "fully employed." David argues that Cindy works only three days a week because she chooses to, although she could earn at least $18,000 per year more should she work full time as an operating room registered nurse. David notes that the record indicates that Cindy turned down a full-time job which would have paid at least $11,000 more than she is currently receiving. He argues Cindy's admission corroborates evidence he presented that surgical nurses make $48,000 to $50,000 full time. He argues we should reverse the trial court's decision because the trial court failed to consider prevailing job opportunities and salary levels in the area per R.C. 3119.01(C)(11)(iv) and (v). David notes that Cindy provided no evidence of any physical or mental disability that prevents her from working full time. David notes that there was no evidence that the parties' children needed her care during the day particularly when they are only in her home for two days on alternate weeks. Finally, he argues the trial court's failure to even address the statutory factors was arbitrary and unreasonable, and thus an abuse of discretion.
 {¶ 18} For her part Cindy argues the trial court did not abuse its discretion because she has always worked part time throughout her children's lives and David never objected until just recently. She notes she still has three minor children in her care, and there was no evidence she could earn significantly more money than her part-time income.
 {¶ 19} In Thomas v. Thomas, (Mar. 31, 1995) Greene App. 94-CA-18, we found no abuse of discretion in the award of spousal support to the wife for five years. The parties had four children ages six to ten at the time of the divorce. At the birth of the third child, the parties had agreed Mrs. Thomas would stay at home with the children and not work. She had worked part time as a registered nurse. The husband was a military physician at the time of the divorce in 1992. He argued in the trial court that his wife was voluntarily unemployed because she was a registered nurse capable of earning $25,00 to $30,000 annually. He contended the trial court abused its discretion in not imputing income to her. The trial court found that Mrs. Thomas would require retraining in her speciality, she had been the primary caretaker of all the children under ten, and Dr. Thomas' earning abilities far exceeded Mrs. Thomas' even if she worked full time. We held the court did not abuse its discretion because the five years of spousal support would see the youngest child through elementary school, and in lieu of Dr. Thomas' earning ability, it would not be unreasonable to expect Mrs. Thomas to remain a full-time mother until the youngest child finished the sixth grade.
 {¶ 20} In Goode v. Goode (1991), 70 Ohio App. 3d 125, 130, the Franklin County Court of Appeals held that the record supported the trial court's factual conclusion, in awarding spousal support, that custodial parent's potential income was what she currently earned and that full-time employment would be inappropriate due to her responsibilities as custodial parent, where there were three minor children, one child subject to epileptic seizures, and another child who was having emotional problems related to the parties' divorce.
 {¶ 21} We agree with David that the trial court abused its discretion in not finding that Cindy was voluntarily underemployed. The trial court merely found that the parties' children are "in her care" as they were when the parties were divorced in 1999. In the interim, David has had a substantial reduction in income and the children have gotten older and more mature. Laura is now an adult, Emma is nearly sixteen, and Bradley is thirteen years of age. David is now expecting even more visitation with the children under the shared-parenting arrangement agreed to by the parties. There is little doubt that registered nurses are in high demand and Cindy could earn additional income. The trial court failed to address these changes in the parties' family situation. Upon remand, the trial court should determine how much income to impute to Cindy. The court is not required to impute a forty-hour work week nor to impute the income as of the date of David's motion. The first assignment of error is sustained.
 II {¶ 22} David's second assignment of error is that the trial court abused its discretion when it only deviated 10% from the child support worksheet. For shared parenting orders, R.C.3119.24(A) applies when the court deviates from the child support worksheet. The trial court must make three findings: (1) the amount of the calculated child support from the worksheet; (2) a determination that the amount would be unjust or inappropriate and not in the best interests of the children; and (3) findings of fact supporting that determination. R.C. 3119.24(A)(2). The record shows that the trial court calculated a child support amount on the worksheet and findings of fact supporting the deviation, meeting the first and third prongs of R.C.3119.24(A)(2).
 {¶ 23} David argues that the trial court failed to meet the second prong of R.C. 3119.24(A)(2) because it did not make an explicit determination in its journal entry. We agree that the trial court erred by not explicitly noting that the worksheet calculated child support amount was unjust or inappropriate. But an abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. This court will review the statutory factors to determine whether the trial court could reasonably find that the worksheet calculated child support amount was unjust or inappropriate. A reviewing court will presume that the trial court considered relevant statutory factors in the absence of evidence to the contrary. Quint v.Lomakoski, 167 Ohio App.3d 124, 2006-Ohio-3041, ___ 12.
 {¶ 24} R.C. 3119.24 states that the trial court may use the factors set out in R.C. 3119.23 in determining the amount of the deviation. David argues that many of the factors in R.C. 3119.23
weigh heavily in his favor and that finding only a 10% deviation was an abuse of discretion. David concedes that there are no unusual needs of the children; R.C. 3119.23(A). He also concedes there are no extraordinary obligations for the children; R.C.3119.23(B) and there are no other court-ordered payments; R.C.3119.23(C).
 {¶ 25} This Court also finds that some of the other factors do not apply in this case. David and Cindy have not obtained additional employment after a child support order was issued in order to support a second family; R.C. 3119.23(E). Both David and Cindy have remarried, so the benefit each parent receives from remarriage is offset in this case; R.C. 3119.23(H). There are no special needs and capacities of the children for an education and educational opportunities that would have been available to the children had there been no divorce; R.C. 3119.23(N).
 {¶ 26} Of the factors that do apply, David first argues that he has the children 50% of the time and that R.C. 3119.23(D) applies. That factor states that extended parenting time or extraordinary costs associated with parenting time should be considered when determining if a deviation is proper. From the facts of this case, David has two of his three children for 50% of the time. The oldest child does not live with him at all. A trial court could reasonably conclude that R.C. 3119.23(D) weighs in David's favor, but not 50% of the time because the oldest does not live with him. David also contends that a trial court abuses its discretion when it does not equitably deviate from the child support calculation due to the shared parenting plan and the other statutory factors. He points to Mahlerwein v. Mahlerwein,160 Ohio App.3d 564, 578, 2005-Ohio-1835, which states that a trial court does not abuse its discretion by deviating from the guidelines when it calculates child support by equitably giving parents credit for the time they have physical custody of the children. Mahlerwein states that an equitable number will not be an abuse of discretion, not that an inequitable number is a per se abuse of discretion.
 {¶ 27} David next asserts that there is no disparity between incomes between the households. R.C. 3119.23(G) states that the court should consider the disparity in income between the households. From the record we were able to determine that David and his new wife make a total of $125,000 a year, and Cindy and her husband make a total of $70,000 a year. While there is no set-in-stone number for determining disparity in incomes, one could reasonably conclude that a $55,000 difference is a disparity. This Court concludes that the trial court could reasonably determine that there is a disparity of household incomes weighing against David.
 {¶ 28} David argues that he has made significant in-kind contributions and the trial court did not take that into consideration. R.C. 3119.23(J) factors in significant in-kind contributions from a parent. David states that he puts money away for his children's college fund, and he pays for Bible camp, school and sports fees, a clothing allowance, and for some social activities. He also states that he has saved three thousand dollars for his middle child to purchase a car when she turns sixteen. While we applaud David for saving money for his children's college expenses, the trial court was correct when it stated that David has no duty to pay for college expenses. The only duty upon the father after a divorce in the absence of an agreement on his part to continue support of his children is to support the children until eighteen years of age or so long as the child continuously attends on a full-time basis any recognized and accredited high school. Verplatse v. Verplatse
(1984), 17 Ohio App.3d 99, 101, 477 N.E.2d 648, 652. David made significant in-kind contributions to the children, including sports fees, clothing, and money for a car. There is some conflicting evidence in the record as to the exact numbers to the in-kind contributions and whether the money for the car can be considered an in-kind contribution, but this Court concludes that the trial court could reasonably determine that this factor weighs in favor of David.
 {¶ 29} After a thorough review of the factors and David's arguments, the 10% amount is a reasonable deviation when considering the factors of the disparity of the parties' income, the amount of extra time the two children spend with their father, and the in-kind contributions. Because a deviation was reasonable, the trial court did not abuse its discretion when it failed to state that the worksheet amount was unjust or inappropriate. David's second assignment of error is overruled.
 III {¶ 30} David's third assignment of error is that the trial court abused its discretion when it refused to make the reduced child support order effective on the date his first motion was filed. David filed his first motion on December 4, 2004 when his income was $118,000 per year. The first hearing on the matter was held on April 22, 2005. David then filed a second motion on May 17, 2005 stating his income at $95,000 per year. During the second hearing on June 16, 2005, there was testimony as to David's income and the issue of Cindy's employment status. David asks this Court to credit him at the $95,000 per year rate all the way back to when he was earning $118,000 per year. This argument is without merit. The earliest the trial court had any knowledge of the $95,000 per year income was in the May 17 motion. This Court has previously found that an order to modify current child support may relate back to the date of a party's motion. State ex rel. Gilmore v. Minter (Dec. 19, 1997), Montgomery App. No. 16462. It is within the trial court's discretion to depart from the date of the party's motion, so long as it is not unreasonable, arbitrary, or capricious. Blakemore,5 Ohio St. 3d at 219. In this case, the time between the second motion and the second hearing was about a month. That amount of time is not unreasonable without evidence of undue financial hardship, and the trial court did not abuse its discretion when it set the date for the new child support payments to the date of the second hearing. David's third assignment of error is overruled.
 IV {¶ 31} David's fourth assignment of error is that the trial court abused its discretion by refusing to use the credit created by the modification to offset the balance he owed to Cindy for uninsured medical expenses. David asserts that this created an unnecessary financial burden on him because he was overpaying child support for eleven months, and he will not receive credit for overpayment of $245.71 a month until his youngest child is emancipated, which will be in 2011. As we determined in David's third assignment of error, it was proper for the trial court to make the child support order effective to the date of the June 16, 2005 hearing. This creates about five months' worth of credit, not the eleven David contends. Decisions regarding credits on support obligations rest within the sound discretion of the trial court. Sabo v. Sabo, Lorain App. No. 05CA008652,2005-Ohio-5504. David has provided no evidence that the burden will be unfair to him. This court finds that the trial court could reasonably conclude to make David wait to receive overpayment credits when there is no unnecessary financial burden on him and there is a likelihood that the support payments will change over time. David's fourth assignment of error is overruled.
Judgment Affirmed in part, Reversed in part and Remanded for further proceedings.
Wolff, J., and Walters, J., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).