OPINION
{¶ 1} Plaintiff-appellant, Kathy Shafor, appeals the decision of the Warren County Court of Common Pleas, Domestic Relations Division, lifting the supervision restriction on defendant-appellee, Eric Shafor's, parenting time with their daughter. We affirm the trial court's decision.
 {¶ 2} In April of 2002, appellant filed for a temporary restraining order against *Page 2 
appellee, and also filed for divorce. The trial court issued an Ex Parte Civil Protection Order on April 25, 2002, which suspended appellee's parenting time with his daughter based on allegations of sexual abuse made by appellee's own mother. After a May 1, 2002 hearing on the matter, an investigation by the Warren County Sherriff's Department, and a medical examination, the magistrate found, although noting there were "troubling aspects to father's behavior," that the allegations of sexual abuse were not "proven." The magistrate allowed appellee to resume parenting time with the child, but required his time to be supervised in order to "err on the side of caution." On August 20, 2002, the trial court overruled appellee's objections to the magistrate's order. The trial court found the magistrate had "carefully balanced" appellee's right to have contact with his daughter with the "very important duty" of protecting the child from being harmed. The trial court specifically noted that "only a temporary restriction on parenting time ha[d] been recommended," which the court would further review at the final divorce hearing.
 {¶ 3} In the April 15, 2003 divorce decree the trial court found, based on the allegations of sexual abuse, supervised parenting time would best protect all parties. The following February, appellee moved for relief requesting the court to review whether supervised parenting time was still necessary. Appellant countered with a motion to modify appellee's parenting time to a neutral location with different supervisors. On September 30, 2005, following "a full hearing with testimony by psychologists," the magistrate issued a decision denying both motions. The magistrate specifically noted that the goal of the court, and the parties, is to have the supervision requirement removed. In order to facilitate this objective, the magistrate made six recommendations to both appellant and appellee.[1] The *Page 3 
magistrate also found that even the psychologist suggested that supervision be "staggered and then eliminated." The trial court overruled appellee's objections to the magistrate's order; however, the court mentioned the magistrate's finding "that unsupervised visits should be the goal," within its decision.
 {¶ 4} Appellee again requested relief from the supervision requirement on February 15, 2007. After hearing testimony from both parents, the child's therapist, and interviewing the now eight-year-old child, the magistrate found that supervision should be lifted so long as there was a transition period, and appellee had completed a parenting class. The magistrate particularly noted that the "purpose" behind the supervision requirement (protection of the parties and allegations of abuse) had changed in both the minds of the parties and the child's psychologists. Appellant filed objections which included asking the court to reinstate the supervision requirement. In its entry overruling appellant's objections, the trial court found that the psychologists' concerns had changed from "objective concern about the minor's safety to concern about the minor's perception of her safety." The trial court also noted that the child's therapist indicated the child was not afraid to be alone with her father, she only feared angering him, a belief appellant herself echoed during testimony. Observing that the reason for supervision had changed, the trial court agreed with the magistrate finding removal of the supervision requirement was "neither arbitrary nor contrary to the best interest of the child." Instead, the trial court found it was "consistent with the testimony and recommendations presented." Appellant filed an appeal raising one assignment of error.
 {¶ 5} "THE TRIAL COURT ERRED IN MODIFYING PREVIOUS ALLOCATION OF PARENTING RIGHTS AND RESPONSIBILITIES TO REMOVE SUPERVISION REQUIREMENTS." *Page 4 
 {¶ 6} Appellant argues that a change in circumstances is required before a court may modify a preexisting parenting time order. Additionally, appellant argues that removing the supervision requirement is not in the best interest of the child. Both arguments are tailored around the belief that there were unfulfilled "conditions" placed on the parties in the previous order, and that the minor child is still expressing both fear and concern about her father. We find no merit to either argument.
 {¶ 7} The trial court has broad discretion in deciding matters regarding the visitation rights of nonresidential parents. Appleby v.Appleby (1986), 24 Ohio St.3d 39, 41. Therefore, the trial court's decision is subject to reversal only where there is an abuse of discretion. King v. King (1992), 78 Ohio App.3d 599, 602. This is premised on the idea that the trial court must have the discretion to do what is equitable based upon the particular facts and circumstances of each case. Booth v. Booth (1989), 44 Ohio St.3d 142,144, citingCherry v. Cherry (1981), 66 Ohio St.2d 348, 355. A reviewing court may not merely substitute its judgment for that of the trial court absent a showing that the decision was unreasonable, arbitrary, or unconscionable. Quint v. Lomakoski, 167 Ohio App.3d 124, 2006-Ohio-3041, ¶ 12;Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} While a change in circumstances is required where there is a change in custody arrangements, any changes to visitation, or parenting time, are not subject to the same requirement. Braatz v. Braatz,85 Ohio St.3d 40, 44-45, 1999-Ohio-203; see also In re: Nichols (June 8, 1998), Clermont App. No. CA97-11-102, at 7 (finding no requirement to show a change in circumstances with regards to changes in visitation). Instead, R.C. 3109.151 governs matters of parenting time and visitation. SeeBraatz at 44. Therefore, when ordering a modification of parenting time or visitation the court must consider the enumerated factors in R.C. 3109.151(D) as well as any other factor in the child's best *Page 5 
interest.[2] R.C. 3109.151(D); id. at 45. While it is always preferable for the trial court to mention R.C. 3109.151 and its factors, the court need not specifically refer to the statute. Kager v.Kager, Stark App. No. 2005CA00208, 2006-Ohio-2427, ¶ 10. However, the trial court's findings and/or the record should indicate that the court considered the statute and its factors when it rendered its decision. See, e.g., id.; Braden v. Braden, Portage App. No. 2006-P-0028,2006-Ohio-6878, ¶ 37, 49; Bernard v. Bernard, Columbiana App. No. 00 CO 25, 2002-Ohio-552, ¶ 41.
 {¶ 9} "The court's primary consideration should [always] be the best interest of the children." King v. King (1992), 78 Ohio App.3d 599, 602. In order to further the child's best interest, the trial court has the discretion to limit or restrict visitation rights. Anderson v.Anderson, 147 Ohio App.3d 513, 2002-Ohio-1156, ¶ 18. "This includes the power to restrict the time and place of visitation, to determine the conditions under which visitation will take place and to deny visitation rights altogether if visitation would not be in the best interests of the child.'" Id. quoting Jannetti v. Nichol (May 12, 2000), Mahoning App. No. 97 CA239, 2000 WL 652540 at *3.
 {¶ 10} Contrary to appellant's argument, appellee was not required to show there was a change in circumstances before the trial court modified its previous order and lifted the supervision restriction on appellee's parenting time. Instead, the trial court only needed to consider the factors enumerated within R.C. 3109.151(D), with the overriding consideration being the best interest of the child. *Page 6 
 {¶ 11} Here, the trial court took into account several factors. First, the trial court took into account the child's mental health by finding that she still fears her father's anger. Next, the trial court took into account the heath and safety of the child, by finding that the purpose of the supervision requirement was no longer at issue. The trial court also found that appellee enrolled in, and completed, a parenting class, which is indicative of furthering a child's best interest.
 {¶ 12} We also note that it appears from the record that the child was interviewed by the magistrate on October 11, 2007, presumably in order to ascertain the child's concerns and wishes. Furthermore, the child was a little over two and a half when the supervised parenting order was initiated, and was a little over eight when the restriction was lifted. The difference in age, coupled with a better ability to articulate any possible problems to her mother, counselor, therapist or teachers, may have also played a part in lifting the restriction on parenting time.
 {¶ 13} The record also indicates that appellee has been part of a support program for substance abuse problems which helped him to better manage more volatile aspects of his personality. In addition, the child has been regularly attending therapy sessions, since she was two and a half years old, which have taught her to protect herself and to adjust to her relationships with others. Finally, there have been no further allegations of abuse against appellee, nor does the record indicate that anyone fears abuse will occur in the future.
 {¶ 14} Therefore, we cannot find an abuse of discretion in the trial court's decision to remove the supervision requirement on appellee's parenting time. The record indicates that the trial court considered the statutory factors in R.C. 3109.151(D), when making the modification, and the court specifically noted its decision was "no[t] contrary to the best interest of the child." As the trial court's decision was not unreasonable, arbitrary or *Page 7 
unconscionable, we hereby affirm its decision, and overrule appellant's assignment of error.
 {¶ 15} Judgment affirmed.
WALSH, P.J., and BRESSLER, J., concur.
[1] The "recommendations" included: (1) father moving the VCR out of his bedroom into a more public area of the home in order to watch movies; (2) father enrolling in and attending a parenting class; (3) all parties, including the child, attending counseling; (4) father attending the child's school functions; (5) having the child's counselor inform the parties when she believed supervision should be eliminated; and (6) requiring any supervision to both "see and hear" father and child.
[2] The factors of R.C. 3109.151(D), which relate specifically to parenting time include: (2) the geographical distance between parents; (3) the available time of both the child and parent(s); (4) the age of the child; (5) the child's adjustment to home, school and community; (6) the wishes and concerns of the child; (7) the health and safety of the child; (8) the child's time with other siblings; (9) the mental and physical health of all parties; (10) each parent's willingness to reschedule missed parenting time; (11) whether there is a conviction of abuse or neglect or a reason to believe that either parent has acted in a manner resulting in a child being an abused or neglected child; (13) whether the residential parent has denied the other parent's rights to parenting time; (14) whether either parent is establishing a residence outside the state. (The other factors relate to visitation or companionship with a nonparent). *Page 1