[Cite as *In re E.R.*, 2022-Ohio-3658.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

IN RE: E.R.

:
:
:     Appellate Case No. 29515
:
:     Trial Court Case No. G-2018-1755-0N,
:     0P
:
:     (Appeal from Common Pleas
:     Court – Juvenile Division)
:

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of October, 2022.

. . . . . . . . . . .

Mother, Dayton, Ohio
    Appellant, Pro Se

Father, Dayton, Ohio
    Appellee, Pro Se

. . . . . . . . . . . .

EPLEY, J.

**{¶ 1}** Appellant ("Mother") appeals from a judgment of the Montgomery County Court of Common Pleas, Juvenile Division, which granted Appellee's ("Father") motion for a change of parenting time. For the reasons that follow, the judgment of the trial court will be affirmed.

## I.     Facts and Procedural History

**{¶ 2}** Mother and Father are the biological parents of their daughter, E.R. In 2018, Father was ordered to provide child support payments to Mother for the benefit of E.R., and while Mother had custody of the child, Father was granted parenting time. Between 2018 and 2022, the parties were before the trial court multiple times for modifications to support and parenting time and for contempt hearings.

**{¶ 3}** The genesis of this appeal was Father's August 10, 2021 motion for a change of parenting time, which aimed to bring about the modification of a prior order entered June 17, 2020. At a November 30, 2021 hearing at which both parties appeared pro se, Father testified that he had requested the parenting time modification because his work schedule had changed; instead of working second shift, he was now on first shift, and he had Mondays and Tuesdays off. He told the magistrate that he and Mother had worked out a tentative schedule in which, every other week, he would have E.R. from Monday at 8 a.m. until Tuesday at 5:00 p.m. The magistrate then asked Mother if she was satisfied with that arrangement, and she confirmed that she was. Hearing Tr. at p. 7, 21.

**{¶ 4}** Later in the hearing, Mother presented the magistrate with a long-term schedule she had created that divided up parenting time for the holidays. The magistrate, then, made two suggestions. First, she urged the parties to voluntarily adopt the

"Standard Order of Parenting" which automatically divides holidays between parents. Second, she recommended setting aside seven consecutive days for vacations each summer. Father agreed to the proposal, but Mother did not.

{¶ 5} Following Father's testimony, Mother was given a chance to testify, but instead of doing so, she merely presented her parenting time proposal, which was admitted as Exhibit A. The magistrate told the parties that she would consider Father's testimony, Mother's exhibit, and decide whether to modify Father's parenting time within a few days.

{¶ 6} On December 1, 2021, the magistrate issued her decision, which granted Father's request to modify parenting time. Father was granted parenting time with E.R. every other Monday from 8 a.m. to Tuesday at 5:00 p.m. The parties were ordered to follow the "Standard Order of Parenting" for holidays, Mother's/Father's Day and the child's birthday, and each parent was granted no less than seven continuous days for vacation per year with 30 days advanced notice. Mother objected to the order, arguing that the magistrate erred in failing to adopt her proposed parenting plan as outlined in Exhibit A.

{¶ 7} On May 17, 2022, the trial court overruled Mother's objection to the magistrate's decision and issued an order following the magistrate's decision. This appeal followed.

II.     Parenting Time

{¶ 8} Although Mother's pro se brief does not follow the form prescribed by the Appellate Rules and does not raise any assignments of error, we interpret her brief as

challenging the trial court's adoption of the "Standard Order of Parenting" to govern parenting time on holidays and birthdays.

{¶ 9} When modifying visitation, a trial court considers the factors set forth in R.C. 3109.051(D) and then determines, using its sound discretion, the visitation schedule in the best interest of the children. *Braatz v. Braatz*, 85 Ohio St.3d 40, 45, 706 N.E.2d 1218 (1999). "We will not reverse a trial court's decision on a motion for modification of visitation rights absent an abuse of discretion." *Quint v. Lomakoski*, 2006-Ohio-3041, 854 N.E.2d 225, ¶ 12 (2d Dist.). To constitute an abuse of discretion, a trial court's action must be arbitrary, unreasonable, or unconscionable. *Ojalvo v. Bd. of Trustees of Ohio State Univ.*, 12 Ohio St.3d 230, 232, 466 N.E.2d 875 (1984). It is to be expected, however, that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *State v. Malloy*, 2d Dist. Clark No. 2011-CA-21, 2012-Ohio-2664, ¶ 24.

{¶ 10} R.C. 3109.051 lists 15 factors that a trial court must consider when determining parenting time matters, including: the prior interaction and interrelationships of the child and parents; the location of each parent's residence; the child and parents' available time; the age of the child; the child's adjustment to home, school, and community; the child's wishes; the health and safety of the child; the amount of time that will be available for the child to spend with siblings; the mental and physical health of all parties; each parent's willingness to reschedule missed time; the criminal history of the parents involving acts that resulted in a child being abused or neglected; whether either parent has continuously and willfully denied the other parent's right to parenting time;

whether either parent has established or plans to establish an out-of-state residence; and any other factor in the best interest of the child. *Quint* at ¶ 13; *Braatz* at 45; R.C. 3109.051(D).

{¶ 11} In its decision, the trial court analyzed all 15 factors, finding several to be particularly important. For instance, the court found the "child and parents' available time" factor to weigh heavily in favor of modifying the parenting time schedule because Father had moved from second shift to first shift at work and his new days off were Monday and Tuesday. The court also noted that to see E.R. under the previous schedule, Father was forced to use all his sick leave, which caused disciplinary issues at work. Changing the parenting time schedule to accommodate Father's work schedule was in the best interest of the child.

{¶ 12} The court found two other factors particularly important. The court found that granting Father's motion to modify the schedule would increase the time available for E.R. to spend with her siblings. Father testified that E.R. would be better able to visit with her older half-brother if he were given parenting time on Mondays and Tuesdays, and particularly if he were awarded seven consecutive days of parenting time in the summer for vacations. The court also found that Mother's unwillingness to facilitate Father's parenting time militated toward granting Father's motion. Specifically, the court noted that while Mother had initially agreed to implement the Monday-Tuesday schedule in recent weeks, her track record of compliance was questionable, as records showed that in August 2021, Mother was found in contempt regarding parenting time. Ordering the new schedule instead of relying on Mother's good faith compliance was in the best interest of

E.R.

**{¶ 13}** After analyzing all of the applicable factors, the trial court concluded that modifying Father's parenting time as described above was in the best interest of E.R., and after considering the record, we cannot conclude that the trial court abused its discretion in doing so. Modifying Father's parenting time so that he could spend more time with E.R. without risking his job in the process was in everyone's best interest. Mother's challenge to the trial court's modification of parenting time is overruled.

### III.    Conclusion

**{¶ 14}** The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and LEWIS, J., concur.


Copies sent to:

Mother
Father
Hon. Anthony Capizzi