OPINION
{¶ 1} Appellant, Sue Hinkle Larter, appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, modifying the court-ordered visitation with her children.
 {¶ 2} Appellant lives in Hamilton, Ohio and is the mother of a daughter and a son, who are now 14 and 17 years of age, respectively. The children reside with their father, Robert Hinkle ("father"), who lives in Kettering, Ohio. The history of this case spans two counties, involving at least two children services agencies, while the parties engaged in a contentious battle over custody and visitation issues. The Butler County court has been involved in this case since late 1994.
 {¶ 3} Most recently, appellant was receiving an eight-hour visit with her two children one Sunday each month. The father was ordered to facilitate the visits by transporting the children. Appellant suffers from health conditions that require medication and create physical limitations.
 {¶ 4} The father was found in contempt in 2002 for failing to facilitate the children's visits. The trial court discussed with the children the importance of the visits and instructed the father to abide by the court order for subsequent visits.
 {¶ 5} During this time, the children's guardian ad litem ("GAL"), who had served in that capacity since 1995, filed a motion to reduce the children's visits. The GAL alleged that the court-ordered eight-hour visits were not in the children's best interest.
 {¶ 6} The trial court held hearings on the visitation motion and the previous contempt order. The trial court subsequently modified appellant's visits with her children. The trial court's order provided that appellant's children contact their mother every Saturday evening and arrange visit times and locations as agreed by the parties, but no specific amount of time was ordered.
 {¶ 7} Appellant appeals the decision of the juvenile court, asserting one assignment of error.
 {¶ 8} "The trial court's decision to modify mother's visitation rights is not supported by clear and convincing evidence[.]"
 {¶ 9} When ruling on a motion to modify visitation, a trial court must determine whether the modification is in the child's best interest.Braatz v. Braatz, 85 Ohio St.3d 40, 1999-Ohio-203, paragraph one of the syllabus. The party requesting a change in visitation rights does not need to show that there has been a change in circumstances in order for the court to modify those rights. Id., paragraph two of the syllabus.
 {¶ 10} In considering modification of visitation rights, the trial court shall consider the 15 factors enumerated in R.C. 3109.051(D), and in its sound discretion shall determine visitation that is in the best interest of the child. Id.; In re McCaleb, Butler App. No. CA2003-01-012, 2003-Ohio-4333.
 {¶ 11} Absent an abuse of that discretion, this court will not reverse the trial court's decision. In re McCaleb. More than an error in law or judgment, an abuse of discretion implies that the trial court's decision is unreasonable, arbitrary, or unconscionable. Id., citingBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 12} The trial court in the instant case was faced with the unenviable task of deciding how to ensure and encourage visitation between appellant and her children. Appellant desired time with her children, but had both physical and other limitations that apparently diminished the quality of the time she spent with her children.
 {¶ 13} The teenage children also told the court that appellant's condition limited their interaction at the home visits. The children testified that appellant sometimes slept through part of their visits. The children also indicated that their visits with appellant consisted of watching television, with no other activities taking place.
 {¶ 14} Appellant's attorney told the trial court that appellant called the police during one visit because she was frustrated by the interaction, or lack thereof, with the children.
 {¶ 15} After reviewing the record in this case, we find that the trial court considered the issues and pertinent factors in its determination of whether a modification of visitation was in the children's best interest. We find that the trial court did not abuse its discretion in modifying the visits in favor of an approach that encouraged both the children and appellant to work together on the visitation issues. Therefore, appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
Brogan, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.