OPINION
{¶ 1} Appellant Stephen Luther appeals the decision of the Stark County Court of Common Pleas, Domestic Relations Division, which issued a post-decree judgment entry, sua sponte, pertaining to the terms of child visitation. Appellee Tammy Luther is appellant's former spouse. The relevant facts leading to this appeal are as follows.
 {¶ 2} On February 17, 2005, appellee filed a complaint for divorce. Appellant thereupon filed an answer and counterclaim. Following several pre-trial hearings and the appointment of a guardian ad litem for the parties' two minor children, Stephen and Megan, a preliminary settlement was reached on November 22, 2006.
 {¶ 3} A separation agreement signed by both parties was filed with the trial court on January 16, 2007. Said agreement required the parties to attend high-conflict counseling. The agreement further named appellee as the residential parent and custodian of the two children. Appellant was to have two hours of unsupervised child visitation per week with Stephen in a public place, subject to future increases depending on the recommendations of psychologist Dr. Patricia Millsaps-Linger. Appellant's parenting time with Megan was to remain on a therapeutic basis pending further recommendations of Dr. Millsaps-Linger. A notation stating "one time per week" was added to the typed separation agreement, with the initials of both parties.
 {¶ 4} On January 18, 2007, the trial court issued a decree of divorce incorporating the parties' separation agreement.
 {¶ 5} However, on February 5, 2007, the trial court issued two additional entries. The first entry was a one-page typed "nunc pro tunc judgment entry of divorce," which stated that all orders with respect to the divorce decree of January 18, 2007 would *Page 3 
remain in force, except that visitation regarding Megan would be "changed for clarification purposes" as follows: "Father, Stephen Luther, shall have supervised visitation with the minor child Megan one time per week at a supervised visitation facility which is recognized by the Stark County Family Court other than at Patty Millsaps-Linger's office." The entry carried the approval signatures of appellant's trial counsel and the guardian ad litem, but was not approved by appellee's trial counsel.
 {¶ 6} The second judgment entry of February 5, 2007 consisted of the following one-line court order:
 {¶ 7} "Upon request of [court mediator] Rosemary Diamond, the JE just filed is vacated and held for naught."
 {¶ 8} A follow-up hearing was held on February 15, 2007, resulting in a judgment entry the same day stating as follows: "Upon completion of Megan's therapy with Dr. Millsaps-Linger, the Court will consider fully commencing the terms of visits contained in the January 18, 2007 JE of Divorce. In the interim, since there has been no problem or objections to the Safe Haven visits, same shall continue."
 {¶ 9} Appellant thereafter timely filed a notice of appeal of the judgment entry of February 15, 2007. He herein raises the following sole Assignment of Error:
 {¶ 10} "I. SINCE NO PARTY FILED A MOTION SEEKING RELIEF FROM THE JUDGMENT ENTRY DOES THE TRIAL COURT HAVE THE RIGHT TO SUA SPONTE VACATE ITS FINAL ORDERS?"
 I. {¶ 11} In his sole Assignment of Error, appellant challenges the trial court's vacating of its earlier nunc pro tunc order regarding visitation. *Page 4 
 {¶ 12} Appellant correctly recites that a trial court has no authority to vacate its final order sua sponte. See National City Bank v. Anderson (Sept. 11, 2001), Ashland App. No. 01-COA-01421, citing Huntington Mortgage Company v. Kelly (Nov. 15, 2000), Ashland App. No. 00-COA-1351. However, appellee's response brief indicates, and the record supports, that the trial court on June 19, 2007, subsequent to the notice of appeal in this matter, issued a judgment entry completely suspending appellant's visitation with Megan pending a favorable therapist report. Then, on November 14, 2007, a hearing before a magistrate resulted in an agreed decision which requires all of appellant's contact with Megan to be approved by Dr. Millsaps-Linger.[1] As an appellate court, we are not required to render an advisory opinion or to rule on a question of law that cannot affect matters at issue in the present case. See State v. Bistricky (1990), 66 Ohio App .3d 395, 397, 584 N.E.2d 75. Under the unusual procedural circumstances of this case, we find appellate analysis of the present assigned error would constitute a mere advisory opinion.
 {¶ 13} Accordingly, we decline to further address appellant's sole Assignment of Error. *Page 5 
 {¶ 14} For the foregoing reasons, the appeal of the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby dismissed.
Wise, J. Gwin, P. J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal of the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is dismissed.
Costs to appellant.
[1] We note there is generally no need to make a showing that there has been a change in circumstances in order for a court to modify visitation rights. See Braatz v. Braatz (1999), 85 Ohio St.3d 40, paragraph two of the syllabus *Page 1