[Cite as *In re X.L.*, 2013-Ohio-2421.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:

X.L. and G.L.

MINOR CHILDREN

JUDGES:
Hon. William B. Hoffman, P. J.
Hon. Sheila G. Farmer, J.
Hon. John W. Wise, J.

Case No. 13 CA 6

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Juvenile Division, Case Nos. C2008-0639 and C2008-0640 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | June 10, 2013 |

APPEARANCES:

For Appellant Stephanie L.

ERIC J. HOFFMAN
338 South High Street
Columbus, Ohio 43215

ADAM S. ELIOT
155 West Main Street, Suite 100
Columbus, Ohio 43215

For Appellee

No Appearance

*Wise, J.*

{¶1} Appellant Stephanie Lindenmayer appeals the decision of the Licking County Court of Common Pleas, Juvenile Division, which denied her motion to modify child visitation regarding her children, X.L. and G.L. Appellee Vernon Lindenmayer is appellant's former spouse and the father of these two children. The relevant facts leading to this appeal are as follows.

{¶2} Appellant is the mother of X.L., born in 1999, and G.L., born in 1997. In August 2008, LCCS filed a complaint alleging the children were dependent under R.C. 2151.04. LCCS thereafter was awarded temporary custody. However, on December 30, 2009, the juvenile court granted legal custody of both children to appellee-father, and later terminated the agency's involvement. The court has subsequently increased its restrictions on appellant's access to the children.

{¶3} On March 8, 2011, in a separate action, the parties were granted a final decree of divorce. The domestic relations court ordered that jurisdiction over the children would remain with the juvenile court.

{¶4} On November 19, 2012, appellant filed in the juvenile court a motion for "modification of parental rights and responsibilities" seeking in the body of said motion an award of parenting time, i.e., visitation with X.L. and G.L. On December 5, 2012, the trial court issued a judgment entry suggesting that appellant's motion would be denied for, among other things, failing to allege a change of circumstances; however, the court allowed the parties time to file memoranda.

{¶5} On December 20, 2012, appellant filed a memorandum of law arguing, inter alia, that a change of circumstances was not required in order to have the court review the issue of visitation. Appellant also filed an amended motion for visitation.

{¶6} On December 24, 2012, the trial court issued a judgment entry denying appellant's November 19, 2012 motion. On January 3, 2013, the trial court issued a judgment entry denying appellant's aforesaid amended motion.

{¶7} On January 14, 2013, appellant filed a notice of appeal as to both the judgment entry of December 24, 2012 and the judgment entry of January 3, 2012. She herein raises the following two Assignments of Error:

{¶8} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY APPLYING THE WRONG LEGAL STANDARD AND WRONG STATUTE WHEN IT REQUIRED APPELLANT TO DEMONSTRATE A CHANGE OF CIRCUMSTANCES.

{¶9} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING APPELLANT'S MOTION AND AMENDED MOTION WITHOUT CONDUCTING A HEARING."

I.

{¶10} In her First Assignment of Error, appellant contends the trial court erred in requiring her to demonstrate a change of circumstances as a prerequisite to considering her motion for parenting time, i.e., visitation. We agree.

{¶11} As an initial matter, we note appellant concedes that she inappropriately titled her motion of November 19, 2012 as a request for a modification of "parental rights and responsibilities" rather than the more accurate term "parenting time." *See* Appellant's Brief at 5. The Ohio Supreme Court has recognized that the term "parental

rights and responsibilities" is not defined by statute; however, the Court simultaneously observed that the General Assembly changed the terms "custody and control" to "parental rights and responsibilities" when it amended R.C. 3109.04 in 1991. *See Fisher v. Hagenjager*, 116 Ohio St.3d 53, 876 N.E.2d 546, 2007-Ohio-5589, ¶ 22. Thus, the trial court in this instance may well have initially interpreted appellant's motion as a motion for custody; however, our review of the motion indicates that the main purpose of appellant's said motion indeed was to attempt to modify her visitation time with X.L. and G.L.

{¶12} This Court has clearly held that there is generally no need to make a showing that there has been a change in circumstances in order for a court to modify visitation rights. *See Luther v. Luther*, Stark App.No. 2007 CA 00047, 2008-Ohio-1368, f.n. 1, citing *Braatz v. Braatz* (1999), 85 Ohio St.3d 40, paragraph two of the syllabus. Although *Braatz* stemmed from a divorce case, our research reveals that numerous Ohio appellate courts have applied its aforesaid rule in appeals from juvenile courts. *See*, e.g., *In re J.S.*, Lake App.No. 2011–L–162, 2012-Ohio-4461, ¶ 29 (Eleventh Dist.); *In re Kaiser*, Columbiana App.No. 04 CO 9, 2004-Ohio-7208, ¶ 33 (Seventh Dist.); *In re Hinkle Children*, Butler App.No. CA2002-12-309, 2003-Ohio-5282, ¶ 9 (Twelfth Dist.); *Given v. Sanzone*, Summit App.No. 20264, 2001 WL 833396 (Ninth Dist.).

{¶13} We therefore find the trial court committed reversible error in denying appellant's motion to modify visitation on the basis of a lack of showing of change in circumstances.

{¶14} Appellant's First Assignment of Error is sustained.

II.

{¶15} In her Second Assignment of Error, appellant maintains the trial court abused its discretion in not allowing a hearing on her motion and amended motion for visitation. We agree.

{¶16} An appellate court's standard of review on a trial court's decision on a motion for modification of visitation rights is that of abuse of discretion. *Quint v. Lomakoski*, 167 Ohio App.3d 124, 854 N.E.2d 225, 2006-Ohio-3041 ¶ 12. The trial court's decision concerning the allowance of an evidentiary hearing on a visitation motion is reviewed under the same standard. *See Id.* at ¶ 17.

{¶17} Under the Civil Rules, motions are addressed in pertinent part in Civ.R. 7(B)(1), which states:

{¶18} "An application to the court for an order shall be by motion which, unless made during a hearing or a trial, shall be made in writing. A motion, whether written or oral, shall state with particularity the grounds therefore, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion."

{¶19} In the case sub judice, the trial court also indicated that appellant's motion was lacking in that it did not sufficiently allege that a modification would be in the children's best interest and did not present any "new matters of relevance" (see Judgment Entry, December 5, 2012, at 2). Appellant thereafter claimed, in her amended motion, that she had a new child with whom she hoped to establish visits with X.L. and G.L. This Court has reiterated that "[t]he spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies." *Ingledue v.*

*Premier Siding and Roofing, Inc.*, Delaware App.No. 2005CAE120088, 2006-Ohio-5977, ¶ 16, quoting *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 175, 297 N.E.2d 113 [63 O.O.2d 262, 269]. Furthermore, we note appellee-father has not filed a brief in response to this appeal. App.R. 18(C) states in pertinent part: "If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument * * * and in determining the appeal, the court may accept the appellant'/s statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

**{¶20}** Under the circumstances presented, we hold appellant should have been afforded a full hearing on her motion for visitation, and the trial court abused its discretion in denying said motion without such hearing.

**{¶21}** Accordingly, appellant's Second Assignment of Error is sustained.

**{¶22}** For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Juvenile Division, Licking County, Ohio, is hereby reversed and remanded for further proceedings in accordance with law.

By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 0524

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN THE MATTER OF:                :

                                     :

    X.L. AND G.L.                :          JUDGMENT ENTRY

                                     :

    MINOR CHILDREN        :          Case No. 13 CA 6


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Licking County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.

Costs assessed to appellee.


_____


_____


_____

                                         JUDGES