OPINION
{¶ 1} Plaintiffs-appellants, Gerald C. Harper, Jr., and Shirley Harper, appeal from the June 14, 2004 decision and judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, relinquishing jurisdiction on the issues of custody, support, and parenting time to the Missoula County, Montana Court. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Gerald Harper and defendant-appellee, Nicole Harper, were married on October 3, 1994. The couple had three children, Elizabeth Harper, born May 2, 1995, Samantha Harper, born August 1, 1996, and Christopher Harper, born January 13, 1998.
 {¶ 3} The marriage failed, and the couple separated. Appellee and the children continued to reside in the family home. On January 27, 2000, Gerald Harper broke into the house where appellee and the children resided and viciously attacked appellee while the children were asleep upstairs. Harper repeatedly stabbed appellee, beat her, and left her for dead.
 {¶ 4} Upon her discharge from the hospital, appellee took her children and moved to Missoula, Montana, to be near her mother. Appellee and the children have resided continuously in Montana since February 2000.
 {¶ 5} Gerald Harper pleaded guilty to attempted murder and was sentenced to four years imprisonment. The trial court issued and filed a decree of divorce on May 10, 2000. Appellee was designated residential parent and legal custodian of the three children. The trial court deferred ruling on issues of parenting time and child support due to Gerald Harper's incarceration. Pursuant to R.C. 3109.22, the trial court retained jurisdiction in order to address at a later time issues of parenting time and child support.
 {¶ 6} Appellant, Shirley Harper, the paternal grandmother, entered into an agreement filed with the trial court on July 3, 2000 whereby she was granted visitation with her grandchildren. Shirley Harper visited with the children in Ohio in 2000, 2001 and 2002. In 2003, she was denied visitation in Ohio but did visit with the children in Montana.
 {¶ 7} In the spring of 2003, appellee learned that Gerald Harper might be eligible for early release from prison. In May 2003, appellee sought a restraining order against Gerald Harper in Montana. On July 31, 2003, appellee filed a motion in the Ohio trial court requesting that the trial court decline or relinquish jurisdiction in favor of the Missoula County, Montana Court.
 {¶ 8} Gerald Harper was granted early release from prison on January 15, 2004. On February 17, 2004 he filed a motion with the trial court to establish parenting time with the minor children. He also filed a brief in support of Ohio maintaining jurisdiction. On the same date, Shirley Harper filed a motion to modify the previous order granting grandparent visitation to allow for contact between the father and the children.
 {¶ 9} After a continuance that necessitated appellee to make two trips from Montana, the trial court conducted a hearing on the matter on March 14, 2004. With only a limited amount of time remaining at the end of the day, the trial court heard testimony from appellee and allowed appellants' attorney to cross-examine her. The trial court also directed the parties to submit any additional evidence by affidavit and to file supplemental briefs. The record does not reflect that appellants objected to the court's method for receiving additional evidence. Nor did appellants file additional evidence, although they did file a supplemental brief arguing that under the Parental Kidnapping Protection Act ("PKPA") Ohio had exclusive jurisdiction in the matter. Appellee filed additional evidence by way of affidavit and she also filed a memorandum contra to appellants' supplemental brief.
 {¶ 10} In a decision and judgment entry filed on June 14, 2004, the trial court determined that it was in the best interests of the children to allow Montana to assume jurisdiction. The trial court applied the factors set forth in R.C. 3109.25(C) and found that Montana was the state where the children had resided since early in 2000, and that the children currently and for the past four years have been educated and receiving medical, dental, and psychological care in Montana. The trial court also determined that the connection Montana had with the children and their mother was closer than the connection Ohio had with them.
 {¶ 11} This appeal timely followed, with appellants asserting as error the following:
The trial court erred in declining/relinquishing jurisdiction to Missoula County, Montana in its decision and judgment entry of June 11, 2004.
 {¶ 12} Appellants raise two arguments in connection with their assignment of error. First, they claim that under the PKPA, Section 1738A, Title 28, U.S. Code, Ohio has continuing exclusive jurisdiction over this matter, and Montana cannot exercise jurisdiction. Second, appellants argue that the trial court abused its discretion in not taking sufficient evidence and in not allowing appellants an adequate opportunity to argue that Ohio jurisdiction was in the best interests of the children. We are not persuaded by either argument.
 {¶ 13} The purpose of Ohio's version of the Uniform Child Custody Jurisdiction Act ("UCCJA") and the PKPA is to assure that the state with the optimum access to the relevant facts makes a custody determination that protects the child's best interests. State ex rel. Morenz v. Kerr,104 Ohio St.3d 148, 2004-Ohio-6208. When the Ohio version of the UCCJA conflicts with the PKPA, the PKPA prevails. State ex rel. Seaton v.Holmes, 100 Ohio St.3d 265, 2003-Ohio-5897. However, the PKPA specifically permits a court with continuing jurisdiction to relinquish jurisdiction to another court. Miller v. Henry, Franklin App. No. 02AP-673, 2003-Ohio-1511, at ¶ 18; Section 1738A(f), Title 28, U.S. Code.
 {¶ 14} The determination as to whether a trial court may exercise jurisdiction over a case under the UCCJA is left within the sound discretion of the trial court. State ex rel. Aycock v. Mowery (1989),45 Ohio St.3d 347, 352. As a general rule, the court in which a decree of divorce is originally rendered retains continuing jurisdiction over matters associated with the custody, care, and support of the parties' minor child. Howe v. Schulte (2001), 141 Ohio App.3d 760, 764. However, jurisdictional concerns arise when one parent moves out of that state with the children. When this occurs, a court must determine which state has the authority to exercise jurisdiction over the matter. Id. To assist a court in making this determination, Ohio adopted the UCCJA, codified under R.C. 3109.21 et seq.[1]
 {¶ 15} Under the UCCJA, a domestic court has discretion to assume or divest itself of jurisdiction over matters concerning interstate custody or visitation. The UCCJA contemplates that more than one state may meet jurisdictional requirements. Miller, supra, at ¶ 10. Under R.C.3109.22(A), a domestic court in Ohio that has jurisdiction to make a parenting determination shall exercise that jurisdiction only if one of the conditions specified in subsections (1) through (4) of the statute applies. Justis v. Justis (1998), 81 Ohio St.3d 312, 315. A court that has jurisdiction under R.C. 3109.22(A) may decline to exercise jurisdiction pursuant to R.C. 3109.25 if it finds that "it is an inconvenient forum to make a parenting determination under the circumstances of the case and that a court of another state is a more appropriate forum." R.C.3109.25(A). As indicated above, a reviewing court will not reverse a trial court's decision regarding its own jurisdiction absent an abuse of discretion. Howe, supra, at 764.
 {¶ 16} In making a decision whether to relinquish jurisdiction, R.C.3109.25 provides in pertinent part:
(A) A court that has jurisdiction to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a parenting determination under the circumstances of the case and that a court of another state is a more appropriate forum.
* * *
(C) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account, but is not limited to, any of the following factors:
(1) If another state is or recently was the child's home state;
(2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants;
(3) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;
(4) If the parties have agreed on another forum that is no less appropriate.
 {¶ 17} In the current matter, the children were born in and lived in Ohio until their relocation to Montana. Therefore, Ohio was their home state, and the trial court had jurisdiction over the matter. Montana has been their home state since that determination. They attend the Montana school system, and they receive medical, dental, and psychological care from Montana licensed professionals. Their mother, appellee, lives, works, and pays state taxes in Montana. The children are engaged in a variety of extracurricular activities including camping, fishing, gymnastics, and YMCA camp in Montana. Moreover, the court heard testimony that for one week during the years 2000, 2001 and 2002, the children returned to Franklin County for the limited purpose of visiting their paternal grandmother.
 {¶ 18} In its June 14, 2004 judgment entry, the trial court determined that the children had significant connections to Montana, and that the trial court's connection with the children, parents, and paternal grandmother was not closer than the connection that Montana has with the children and their mother. From this, the trial court concluded that Franklin County, Ohio, had become an inconvenient forum. The trial court followed the proper analysis and drew reasonable conclusions from the testimony. Thus, we find no abuse of discretion in the trial court's decision declining to exercise jurisdiction over the current matter. Because the PKPA specifically allows for the trial court to relinquish jurisdiction, and because the trial court applied the appropriate analysis, appellants' argument is not well-taken.
 {¶ 19} With respect to appellants' second argument that appellants were not permitted the opportunity to fully argue the issue and present witnesses, we again find no abuse of discretion. Appellants failed to object to the trial court's decision to allow supplemental briefing and to take additional evidence by way of affidavit. Appellants were afforded the opportunity to present additional evidence by way of affidavit and they declined to do so. The trial court did not abuse its discretion in handling its own docket.
 {¶ 20} Based on the foregoing, appellants' assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
Brown, P.J., and Sadler, J., concur.
[1] R.C. 3109.21 et seq., was repealed effective April 11, 2005 by 2004 S.B. No. 185. However, at the time the trial court made its determination, the statutes were in effect, and accordingly we review the trial court's determination under those statutes for an abuse of discretion.