[Cite as *Q.W. v. A.T.*, 2016-Ohio-5019.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [Q.W.], | : | |
| Plaintiff-Appellant, | : | |
| | | No. 15AP-1099 |
| v. | : | (C.P.C. No. 13JU-07-9369) |
| [A.T.], | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on July 19, 2016

**On brief:** *Cynthia M. Roy.* **Argued:** *Cynthia M. Roy.*

**On brief:** *Robert R. Goldstein.* **Argued:** *Robert R. Goldstein.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

SADLER, J.

{¶ 1} Plaintiff-appellant, Q.W., appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, in favor of defendant-appellee, A.T., in a dispute over custody and support of the parties' minor child, A.W. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant and appellee are the biological parents of A.W., who was born February 2, 2010, while the parties were living together in Florida. The parties have never married. In 2011, appellee and A.W. moved with appellant to Columbus, Ohio, where

appellant's other family members reside.  The parties lived together and co-parented A.W. for roughly six months.

{¶ 3}   Over the next several years, the parties engaged in litigation regarding issues of parentage, custody, and support of A.W.  The trial court summarized the more recent of these actions as follows:

> The father-child relationship between Plaintiff and the minor child was established in prior Case No. 13JU-01-592.  In an Agreed Magistrate's Order filed February 19, 2013, the parties acknowledged and agreed that Plaintiff was the father of the minor child and the case was terminated.  Plaintiff meanwhile filed a Complaint for Allocation of Parental/Custody Rights in Case No. 13JU-02-1943 on February 7, 2013.  Defendant did not file a counterclaim in that case. The Magistrate designated both parties as temporary shared residential parents and legal custodians of the child and prepared a separate order regarding Plaintiff's child support obligation. Then, at the final hearing scheduled for May 29, 2013 at 9:30 a.m., Plaintiff filed a voluntary Notice of Withdrawal/Dismissal of his Complaint at 12:27 p.m.  Accordingly, no child support order issued.  On or about May 30, 2013, Defendant left the State of Ohio with the minor child for the State of Minnesota.

(Nov. 6, 2015 Jgmt. Entry at 2.)

{¶ 4}   The parties disagree about the circumstances surrounding appellee's move to Minnesota.  Appellant argues that appellee secretly left the state of Ohio with A.W. for the purpose of thwarting his efforts to exercise his parental rights and to evade service of process.  Appellee claims that appellant did not want to pay child support and that he dismissed his prior action in order to avoid a child support obligation.  According to appellee, at the May 29, 2013 hearing, she informed appellant she would move to Minnesota with A.W. if he dismissed the case.[1]

{¶ 5}   On July 1, 2013, appellant filed another complaint for the allocation of parental rights along with a motion for a temporary restraining order prohibiting appellee from permanently relocating A.W. to Minnesota.  On July 2, 2013, the trial court issued the requested restraining order.  Appellee did not file an answer to the complaint or

---

[1] Appellee's parents live in Minnesota.

appear at the subsequent hearing.  On November 12, 2013, the trial court issued an order designating appellant as the residential parent and legal custodian of A.W.

{¶ 6}   On February 27, 2014, appellee filed a motion, pursuant to Civ.R. 60(B), for relief from the November 12, 2013 judgment.  The stated grounds for the motion were that appellant failed to serve appellee with the summons and complaint.  On May 5, 2014, the trial court issued an "Interim Order" conditionally granting appellee's motions pending her compliance with certain provisions relating to visitation.  On May 12, 2014, appellee filed a combined motion to stay the trial court's interim order and for a determination, pursuant to R.C. 3127.20(B), that Minnesota is a more convenient forum to determine issues related to child custody.  Therein, appellee alleged that she had commenced a child custody proceeding in Minnesota and that Minnesota was A.W.'s home state for purposes of jurisdiction.

{¶ 7}   On July 29, 2014, a magistrate conducted an oral hearing on appellee's Civ.R. 60(B) motion.  On August 1, 2014, the magistrate issued a decision granting the motion to vacate the November 12, 2013 judgment based on a finding that appellant had not obtained service on appellee.  On August 12, 2014, appellant timely filed objections to the magistrate's decision but did not file a transcript of the proceedings held before the magistrate.

{¶ 8}   Appellant subsequently obtained service of the complaint on appellee.  As a result of the hearing on September 4, 2014, the magistrate issued a decision on September 22, 2014, granting appellee's motion for a stay and scheduling a hearing on appellee's R.C. 3127.20(B) motion. The parties subsequently filed memoranda setting forth their respective positions on jurisdiction and the proper forum.  On January 6, 2015, a magistrate conducted an oral hearing for the purpose of determining jurisdiction of appellant's complaint, pursuant to R.C. 3127.15(A), and the proper forum in which to hear the complaint pursuant to R.C. 3127.21(B).[2]  On February 4, 2015, the magistrate issued a decision including findings of fact and conclusions of law.

{¶ 9}   The magistrate concluded that Ohio was A.W.'s home state at the time appellant filed the complaint and that, pursuant to R.C. 3127.15(A), "[n]o other state,

---

[2] The magistrate conducted the hearing jointly with a referee in the Minnesota proceedings.

including the State of Minnesota, had jurisdiction to issue an initial determination of child custody." (Feb. 4, 2015 Jgmt. Entry & Mag. Decision at 6.) The magistrate further concluded that, pursuant to R.C. 3127.21(B), Ohio was not an inconvenient forum to make the child custody determination in this case and that Ohio should not decline to exercise jurisdiction.[3] On February 18, 2015, appellee filed objections to the magistrate's decision, and on April 17, 2015, appellee filed the transcript of the proceedings held on January 6, 2015.

{¶ 10} On November 6, 2015, the trial court issued a ruling on appellant's objections to the magistrate's August 1, 2014 decision and appellee's objections to the magistrate's February 4, 2015 decision. The trial court adopted the magistrate's conclusion that Ohio is A.W.'s home state and that Ohio had jurisdiction to issue an initial determination of A.W.'s custody. The trial court, however, rejected the magistrate's conclusion that Ohio is a convenient forum in which to make that determination. The trial court concluded that Ohio is an inconvenient forum, under the circumstances, and that Minnesota is a more convenient forum. Accordingly, the trial court declined to exercise jurisdiction to determine permanent custody in this matter. Additionally, because appellant failed to file a transcript of proceedings before the magistrate, the trial court overruled appellant's objections to the August 1, 2014 decision regarding service of the prior complaint.

{¶ 11} Appellant timely appealed to this court from the decision of the trial court.

## II. ASSIGNMENTS OF ERROR

{¶ 12} Appellant assigns the following as error:

> [1.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT OHIO IS NOT A CONVENIENT FORUM TO DETERMINE CHILD CUSTODY ISSUES IN THIS MATTER.
>
> [2.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO CONSIDER APPELLEE'S UNJUSTIFIED CONDUCT WHEN FINDING OHIO TO BE AN INCONVENIENT FORUM.

---

[3] "The Magistrate reviewed the record, briefs filed in Ohio and Minnesota and some of the affidavits filed in Minnesota." (Feb. 4, 2015 Jgmt. Entry & Mag. Decision at 7.)

[3.] THE TRIAL COURT ERRED IN RULING ON APPELLEE'S OBJECTION WITHOUT A TRANSCRIPT OF THE PROCEEDINGS AS REQUIRED BY OHIO CIVIL RULE 53(D)(3)(b).

## III.  STANDARD OF REVIEW

{¶ 13} The Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), set out in R.C. 3127.01 et seq., provides that "[a] court of this state that has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more convenient forum."  R.C. 3127.21(A).  Under R.C. 3127.21(A), a "domestic court" has discretion to assume or divest itself of jurisdiction over matters concerning interstate custody or visitation because the UCCJEA contemplates that more than one state may meet jurisdictional requirements. *Harper v. Harper*, 10th Dist. No. 04AP-685, 2005-Ohio-3989, ¶ 15; *Miller v. Henry*, 10th Dist. No. 02AP-673, 2003-Ohio-1511, ¶ 18.  We review the trial court's R.C. 3127.21(A) judgment under an abuse of discretion standard.  *Harper* at ¶ 14.  The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  When applying the abuse of discretion standard of review, this court must not substitute its judgment for that of the trial court.  *In re M.T.*, 178 Ohio App.3d 546, 2008-Ohio-5174, ¶ 31 (2d Dist.), citing *Quint v. Lomakoski*, 167 Ohio App.3d 124, 2006-Ohio-3041, ¶ 12 (2d Dist.).

## IV.  LEGAL ANALYSIS

### A.  First Assignment of Error

{¶ 14} In his first assignment of error, appellant contends that the trial court abused its discretion when it elected not to exercise jurisdiction of this child custody dispute.  We disagree.

{¶ 15} Ohio has adopted the UCCJEA, R.C. 3127.01 et seq.  *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853.  The Ohio General Assembly enacted the UCCJEA to resolve interstate custody disputes, avoid jurisdictional competition with courts of other jurisdictions in custody matters, and to give jurisdictional priority to the home state. *Johnson v. Kelly*, 10th Dist. No. 14AP-1037, 2015-Ohio-2666, ¶ 15, citing *Rosen* at ¶ 20-

21. Under the UCCJEA, a child's "home state" is one where he or she lived with a parent for at least six consecutive months prior to the commencement of a custody or visitation proceeding.  R.C. 3127.01(B)(7).

{¶ 16} The trial court found that Ohio was A.W.'s home state because A.W. resided in Ohio from November 11, 2000 until May 30, 2013, when appellee removed her to Minnesota and because appellant lived in Ohio when he filed the complaint.  R.C. 3127.15(A)(1). Neither party challenges that determination herein.  There is also no dispute that appellee has filed a child custody action in Minnesota and that Minnesota has exercised jurisdiction of the custody matter at issue. Accordingly, both Ohio and Minnesota have assumed jurisdiction of the same custody matter.

{¶ 17} In making the determination whether to retain jurisdiction of a child custody matter, R.C. 3127.21(B) requires the trial courts in Ohio to consider all relevant factors, including:

> (1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
>
> (2) The length of time the child has resided outside this state;
>
> (3) The distance between the court in this state and the court in the state that would assume jurisdiction;
>
> (4) The relative financial circumstances of the parties;
>
> (5) Any agreement of the parties as to which state should assume jurisdiction;
>
> (6) The nature and location of the evidence required to resolve the pending litigation, including the testimony of the child;
>
> (7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence;
>
> (8) The familiarity of the court of each state with the facts and issues in the pending litigation.

{¶ 18} While the trial court must consider all the statutory factors, a reviewing court will presume that the trial court considered the relevant factors in the absence of evidence to the contrary. *Witt v. Walker*, 2d Dist. No. 2012-CA-58, 2013-Ohio-714, ¶ 22-23. Here, the trial court's decision evidences consideration of all the statutory factors. The decision specifically mentions each of the statutory factors and discusses the relevance of each factor, if any, to this child custody case.

{¶ 19} Following the trial court's discussion of each of the statutory factors, the trial court made the following determination:

> Defendant argues this Court should transfer this matter to [Minnesota] because the statutory factors under ORC §3127.21 tilt in favor of her position that the Ohio court should declare itself an inconvenient forum. Defendant essentially argues that the child's residence in [Minnesota] and thus, the location of evidence and witnesses in that state, are dispositive of the convenience issue. The statute does not set forth what weight to assign the statutory factors. Therefore, the Court has discretion to determine what weight, if any, to assign each factor, in relation to the other factors, depending on the facts and circumstances of the case. While the statute requires a court to consider the child's home state, as well as the location of any evidence required to resolve the pending litigation, these are only two of eight factors to be considered under the statute. The Court considered all of the factors listed in ORC §3127.21, and the Court finds that Ohio is an inconvenient forum, given the length of time that the child has resided in [Minnesota] and the availability of evidence regarding her care and education.
>
> * * * While it is true that some factors favor Ohio as a convenient forum, the greater number of factors favor [Minnesota] as the more convenient forum, and the trial court has discretion in weighing all of the statutory factors.

(Nov. 6, 2015 Jgmt. Entry at 9.)

{¶ 20} Appellant first takes exception to the trial court's conclusion that the parties' relative financial positions favored relinquishing jurisdiction to Minnesota. R.C. 3127.21(B)(4). More particularly, appellant disagrees that appellant earns "significantly more" than appellee, arguing that appellee could earn more if she receives additional overtime wages. (Nov. 6, 2015 Jgmt. Entry at 7.) There is, however, nothing in the record

to suggest that appellee has an expectation of additional overtime wages. Moreover, the limited income information available to the trial court shows that, including overtime wages, appellant still earned significantly more than appellee in 2014.[4] Thus, the relative financial circumstances of the parties reveal that appellant is in a better position to absorb the costs of travel and other expenses associated with litigating child custody issues in Minnesota. *See In re C.S.*, 8th Dist. No. 100470, 2014-Ohio-2400, ¶ 20 (the trial court abused its discretion in concluding that Ohio was a more convenient forum to hear this case than Tennessee where "the parents and grandparents have limited financial resources and that the time away from work and expense necessary to travel to Ohio from Tennessee (and back again) would impose a financial hardship on them"). Moreover, as is evident from the trial court's decision, the trial court based its determination to relinquish jurisdiction to Minnesota primarily on the "length of time that the child has resided in [Minnesota] and the availability of evidence regarding her care and education." (Nov. 6, 2015 Jgmt. Entry at 9.) Thus, the disparity in the parties' income was not the dispositive factor. *See, e.g., In re N.A.E.*, 2d Dist. No. 21596, 2006-Ohio-5395 (trial court did not err in transferring a child visitation matter to Missouri where the trial court addressed the required statutory factors, the Missouri court had already opened a case to deal with the modification of visitation issue, and the trial court could reasonably have found that financial circumstances did not weigh heavily in the case).

{¶ 21} Appellant next contends that the extensive litigation history between the parties in Ohio weighs in favor of Ohio retaining jurisdiction. R.C. 3127.21(B)(8). The litigation history includes appointment of a guardian ad litem for A.W. and several actions filed by appellant seeking custody and visitation. Appellee concedes that appellant first initiated litigation in Ohio regarding custody of A.W. in 2011, but she argues that substantive custody issues have not been finally determined in Ohio nor has an Ohio court heard any witness testimony regarding the substantive legal issues surrounding custody. Our review of the record supports appellee's argument.

{¶ 22} As the trial court noted in its decision, appellant voluntarily dismissed case No. 13JU-02-1943 after the magistrate designated both parties as temporary shared

---

[4] Each of the parties submitted a single paystub, with year-to-date totals, as evidence of their earnings in 2014.

residential parents and legal custodians but before the court could issue an order regarding appellant's child support obligation. Thus, the court's determination of custody became a nullity. The trial court vacated a subsequent decision designating appellant as the residential parent and legal custodian of A.W. because of a failure of service on appellee. Additionally, appellee is correct in her assertion that no Ohio court has taken witness testimony regarding the substantive child custody issues in the case. Contrary to appellant's claim, the record does not support a finding that Ohio has greater familiarity with the facts and issues in the pending litigation.

{¶ 23} Appellant next contends that because the trial court focused on just two of the statutory factors in reaching its decision to relinquish jurisdiction, the trial court did not conduct the required analysis. We disagree.

{¶ 24} In this instance, the trial court acknowledged that some of the statutory factors weighed in favor of Ohio retaining jurisdiction, but the trial court ultimately concluded that the length of time A.W. has resided in Minnesota and the availability of evidence regarding her care and education outweighed the other factors. R.C. 3127.21(B)(2) and (6). The undisputed evidence shows that at the time of the hearing before the magistrate, A.W. had resided in Minnesota with appellee for the past 19 months. At the time the trial court ruled on appellee's objections, A.W. had resided in Minnesota with appellee for the past 26 months. Prior to that time, A.W. resided in Ohio for 18 months, after having resided in Florida for the first year of her life. Consequently, the record supports the trial court's finding that all of A.W.'s education and her recent care has occurred or will occur in Minnesota and that any evidence of such education and care is available in Minnesota.

{¶ 25} We review the trial court's determination under the abuse of discretion standard. *Harper* at ¶ 14. The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore*. The trial court decision evidences compliance with the statutory requirements. Not only did the trial court mention and discuss all the statutory factors, the court weighed the factors in determining that Ohio was an inconvenient forum and that Minnesota was a more convenient forum. While some of the statutory factors may weigh in favor of Ohio as the appropriate forum for this custody dispute, we cannot say that the trial court abused its discretion in

weighing the factors or that the trial court's conclusion is unreasonable. *See In re N.R.*, 7th Dist. No. 09 MA 85, 2010-Ohio-753 (the trial court acted within its discretion in weighing R.C. 3127.21 factors and concluding that Ohio was not an inconvenient forum, even though certain factors weighed in favor of Pennsylvania and others weighed in favor of Ohio). To do so on this record would be to improperly substitute our judgment for that of the trial court. *M.T.* at ¶ 29; *Quint* at ¶ 12.

{¶ 26} For the foregoing reasons, appellant's first assignment of error is overruled.

**B. Second Assignment of Error**

{¶ 27} In his second assignment of error, appellant claims that the trial court abused its discretion by making the R.C. 3127.21(A) determination without considering appellee's unjustified conduct in fleeing the jurisdiction with A.W. We disagree.

{¶ 28} R.C. 3127.22(A) provides, in relevant part, that "if a court *of this state* has jurisdiction under this chapter because a person seeking to invoke its jurisdiction has engaged in unjustifiable conduct, the court shall decline to exercise its jurisdiction." (Emphasis added.) R.C. 3127.22(D) defines "unjustifiable conduct" as "conduct by a parent or that parent's surrogate that attempts to create jurisdiction in this state by removing the child from the child's home state, secreting the child, retaining the child, or restraining or otherwise preventing the child from returning to the child's home state in order to prevent the other parent from commencing a child custody proceeding in the child's home state."

{¶ 29} Under the statutory scheme, the issue of unjustified conduct is relevant when an Ohio court considers whether it has jurisdiction to make the initial custody determination in a particular case. *See Mulatu v. Girsha*, 12th Dist. No. CA2011-07-051, 2011-Ohio-6226, ¶ 36 ("Father's denial of the children's passports has prohibited them from returning to Ohio and a court of another state could certainly deem Father's conduct unjustifiable under the Uniform Act should he attempt to establish jurisdiction in another forum."). A party's alleged "unjustified conduct" is, however, not one of the enumerated factors the trial court must consider in determining the proper forum for a custody case under R.C. 3127.21. Accordingly, appellee's conduct in removing A.W. from Ohio is irrelevant to establishing jurisdiction in Ohio. Rather, Ohio obtained jurisdiction of this custody matter because A.W. had resided in Ohio for at least six months prior to the

commencement of the action and because appellant still lived in Ohio when he filed his complaint. R.C. 3127.15(A)(1).

{¶ 30} Appellant claims that appellee left the state with A.W. without giving him prior notice and then subsequently avoided his attempts to serve her with process in Minnesota. Appellee counters that her conduct in leaving the state with A.W. was not unjustified, under the circumstances, because she warned appellant that she would move to Minnesota with A.W. if he dismissed his pending custody complaint before the trial court issued a final order regarding appellant's child support obligation. The record shows that when appellee moved to Minnesota with A.W., she was under no legal obligation to remain in Ohio with the child.

{¶ 31} The magistrate's decision in this case indicates that the referee presiding over the Minnesota case made a finding that appellee's conduct was not "unjustifiable conduct" as defined in the analogous provisions of Minnesota law. (Feb. 4, 2015 Jgmt. Entry & Mag. Decision at 13.) Accordingly, the Minnesota court accepted jurisdiction of the custody complaint appellee filed in Minnesota. In ruling on appellee's R.C. 3127.21 motion, the trial court herein made no determination whether appellee's conduct in removing A.W. from Ohio was "unjustified conduct" as defined in R.C. 3127.22(D).

{¶ 32} Appellant has not cited any Ohio authority holding that a party's alleged "unjustified conduct" in establishing jurisdiction in another state is a factor an Ohio court must consider in making the determination of the proper forum for a custody dispute under R.C. 3127.21 nor has this court found any such authority. Moreover, as noted above, a reviewing court will presume that the trial court considered all relevant factors in the absence of evidence to the contrary. *Witt* at ¶ 22-23. Accordingly, we find no abuse of discretion in the trial court's application of R.C. 3127.21(A).

{¶ 33} For the foregoing reasons, appellant's second assignment of error is overruled.

### C. Third Assignment of Error

{¶ 34} In his third assignment of error, appellant contends that the trial court erred by considering the transcript of proceedings before the magistrate in ruling on appellee's objection to the magistrate's decision. We disagree.

{¶ 35} Civ.R. 53(D)(3)(b)(iii) provides, in pertinent part, as follows:

> An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. * * * The objecting party shall file the transcript * * * with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause.

{¶ 36} Appellee did not file the transcript until April 17, 2015, nearly two months after appellee filed her objections. Appellant contends that Civ.R. 53(D)(3)(b)(iii) prohibited the trial court from considering the transcript of proceedings in ruling on appellee's objections because appellee did not file the transcript within 30 days of filing her objections. This court has stated that "[t]he trial court has broad discretion in considering objections and transcripts filed outside the time limits set forth in Civ.R. 53." *Ramsey v. Ramsey*, 10th Dist. No. 13AP-840, 2014-Ohio-1921, ¶ 23, citing *H.L.S. Bonding Co. v. Fox*, 10th Dist. No. 03AP-150, 2004-Ohio-547, ¶ 12. Though appellee did not file the transcript of proceedings within the 30-day window, the trial court did not rule on the objections until November 6, 2015, more than 6 months later. Appellant never objected to the untimely filing of the transcript in the trial court. Under the circumstance, we cannot say that the trial court abused its discretion by considering the untimely filed transcript in ruling on appellee's objections.

{¶ 37} Accordingly, appellant's third assignment of error is overruled.

## V. CONCLUSION

{¶ 38} Having overruled appellant's three assignments of error, we affirm the decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

DORRIAN, P.J., and HORTON, J., concur.

————————————